## HOGAN et als. vs. SMITH et als.

1. An answer responsive to the allegations of the bill, or to interrogatories therein, which the defendant is bound to answer, is evidence for him and must prevail, unless outweighed by other testimony.
2. Where the allegations of a bill authorise any decree whatever against a defendant, who is in contempt, it is error in the chancellor to dismiss it as to him.
3. A party to a deed or other instrument, who alleges a mistake in drawing it, must become an actor in seeking to reform it; until reformed, it is the highest evidence of the contract, and cannot be contradicted or varied by parol proof.
4. The interest of a vendee of land, who holds a bond for titles and has paid the purchase money, cannot be sold under execution at law, and such sale confers no title upon the purchaser.

Error to the Chancery Court at Wetumpka. Tried before the Hon. Wilie W. Mason, chancellor.

THE bill was filed in May 1843 by the plaintiffs in error as judgment creditors of Thomas W. & John Smith, partners using the firm name of T. W. Smith & Son, and alleges that one or both of said firm have an equitable interest in various tracts of land in Coosa county, viz, the W. 1-2 Sec. 17, T. 23, R. 20—the E. 1-2 18, in the same Township and Range—the W. 1-2 19, T. 24, R. 18—the E. 1-2 31, T. 24, R. 19.—a half section of land with a mill on it near Sockapatoy in the possession of said John Smith, and lots number 20, 21, and 28 in the town of Sockapatoy, with other lands unknown and of and concerning which discovery is sought. The bill further alleges that the complainants have no means of ascertaining with certainty in whom the legal title to said lands is vested; that the said T. W. Smith & Son were engaged with Joseph H. Bradford and Walker Reynolds in buying lands, and ope-

rated in the name and by their agent Wm. T. Stamps, who has in his hands, as they believe, effects belonging to said T. W. Smith and Son or one of them; that said Stamps pretends to have purchased from said T. W. Smith & Son a large stock of goods, worth two thousand dollars, but for which he has never paid any thing whatever; that said Bradford owes the said Smith & Son, and may have the legal title to all or some of the lands in which the said Smith & Son are interested. Bradford, Reynolds and Stamps with John Smith, Thos. W. Smith having died, are made parties defendants, and a discovery, account and general relief are prayed. Decrees *pro confesso* were taken against John Smith and Stamps for want of answers. Bradford answers, that John Smith in May 1837 purchased of him the S. 1-2 Sec. 21, T. 24, R. 19, for which he paid him $400 and received his bond for titles, since which time one Burgess has exhibited to him Smith's bond for titles to said land; that in the same year he sold to a brother of John Smith either the E. 1-2 11, 22, 5, or the W 1-2 12, 22, 6, he thinks the former, and executed a bond for titles to John Smith; that he knows nothing of the title of the W. 1-2 of 17, and E. 1-2 of 18, 23, 20, but thinks that the mill spoken of in the bill is on one of these tracts; that the N. 1-2 19, 24, 18, which was certified to himself and Stamps, has been sold—his interest to one Blankenship and Stamps' interest to said Smith—and that Smith's interest has since been sold to one Foscue at sheriff's sale, under execution. He further states that Stamps and one Shelton were interested with him in the purchase of lands, he furnishing the purchase money, and they to have one fourth of the net profits each, after its reinbursement; that Stamps afterwards in 1836 transfered his interest in the lands purchased to Smith, and Smith sold to him Bradford, at the same time, his interest in five of the half sections; that subsequently in the same or next year he purchased from Smith his interest in four other half sections of the land, and that the balance of the Stamps interest in said lands was on the 22d July 1840, tranferred to said Foscue. He denies having any effects of either of the Smiths in his hands or being indebted to either.

Reynolds answers and denies that he has the legal title to any land whatever in which either of the Smiths have any in-

43

Hogan et als. v. Smith et als.

terest, or that he owes them or has any of their effects in his hands.

Upon the coming in of these answers, the plaintiffs amended their bill and brought in Burgess & Foscue as defendants. Foscue answers that he did not purchase the N. 1-2 19, 24, 18, from John Smith, but bought it as his property at sheriff's sale, and holds the sheriff's deed; that in 1840, he received in payment of a debt of $800, due him by Smith, a transfer from him of all the remaining interest he had in the lands purchased of Stamps; that Smith had also purchased from Shelton his interest in the lands bought by Bradford, Shelton & Stamps, and that said transfer from Smith to him was intended to embrace the Shelton's interest also, but that it was omitted by mistake, and the defendant prayed a reformation of the instrument of transfer in that respect.

The answer of Burgess is sufficiently noticed in the opinion of the court. The testimony of Bradford, who was examined as a witness, shows that he has the patents in his own name for each of the pieces of land purchased by himself, Stamps & Shelton. ~

The chancellor dismissed the bill on the final hearing as to all of the defendants, which is now assigned as error.

McLester, for plaintiffs in error.

Morris, contra.

DARGAN, J.—The answer of Reynolds is responsive to the bill. It denies that Smith has any equitable interest in the lands to which the respondent has the legal title. There is no proof to show the interest of Smith, and consequently the bill was properly dismissed as to him. We also think the bill was properly dismissed as to Burgess. His answer shows that he purchased the equitable interest of Smith in the town lots and one half section of land before the bill was filed. The complainants by their interrogatories call on him to state the consideration he paid to Smith, and he states that he paid eight hundred dollars for the town lots and five hundred dollars for the half section. The answer of Burgess being responsive to the interrogatories that the complainants required him to answer, becomes evidence in the cause, and the plain-

tiffs cannot complain because the answer throws on them the burthen of proving a negative. The rule is settled that an affirmation in an answer need not be proved if it be responsive to the stating or charging part of the bill, or if it be responsive to an interrogatory which the defendant is required to answer.—Sayre & Converse v. Fenno, 3 Ala. 478 ; The Bank at Huntsville v. Marshall, 4 Ala. 60. The defendant was called on by the complainants to declare the consideration paid by him for the lands—his answer therefore must be evidence, and if it deny the equity of the complainants the bill should be dismissed, unless there is other evidence that outweighs the evidence afforded by the answer.

But the court erred in dismissing the bill as to Smith and Stamps, who did not answer, and against whom a decree *pro confesso* was taken. The allegations of the bill as to them were confessed, and the complainants are entitled to such a decree against them as the bill will authorise to be rendered, consistent with the rights of the other defendants as to whom it was properly dismissed.

The court also erred in dismissing the bill as against Foscue. It appears that Bradford, Stamps & Shelton were engaged in buying Indian lands : Bradford furnished the money, and Shelton and Stamps made the purchases. The agreement between them and Bradford was, that Shelton and Stamps should each receive one fourth of the net profits, after the purchase money was refunded to Bradford : Smith purchased from Shelton his interest, and afterwards acquired the interest of Stamps. The transfer of Smith to Foscue only conveys the interest of Stamps, and does not embrace the interest of Shelton. It is true, that Foscue in his answer says, that his purchase was intended to include all the interest that Smith had, both that which he had acquired from Shelton as well as the interest acquired from Stamps, and that there was a mistake in drawing the transfer in omitting to insert the interest acquired of Shelton. Although a court of equity upon clear proof of a mistake in drawing a deed, or other instrument, will correct it, we think this can only be done at the suit of him whose interest is affected by it, that is, the party alleging the mistake must become the actor, and seek a reformation of the deed according to the terms of the agreement

When the deed is reformed by a decree, it will then be evidence of the contract or agreement entered into by the parties, but until the mistake is corrected and the deed reformed, the deed or instrument in writing is the highest evidence of the contract, and cannot either at law or in equity be contradicted or varied by parol proof. Foscue is not a complainant, nor does he seek by a bill to reform the contract, but insists as a defendant on a mistake, and attempts by parol proof to show it. To permit this would voilate one of the first maxims of evidence. The interest then that Smith, the defendant, acquired of Shelton should have been subjected to the payment of complainant's demand, for there is no legal testimony to show that this interest was ever transferred by Smith. The interest however that Smith acquired of Stamps has been transfered to Foscue, and his answer, which is responsive to the bill, shows that the transfer was for a valuable consideration, and without fraud. The complainants cannot subject this interest to the payment of their debt.

But it is very clear that the interest of Smith, whatever it may be, to the north half of section 19, township 24, range 18, should have been subjected by the decree to the complainant's demand. The evidence of Bradford in connection with the exhibits attached to Foscue's answer, shows that Smith had but an equitable interest in this land, the legal title being in Bradford. In the case of Elmore & Willis v. Harris, 13 Ala. 360, we held, that a defendant in execution who held only a bond for titles, had not such a title as could be sold under execution at law, notwithstanding he had paid the purchase money, and was in possession of the land. This decision is conclusive to show that Foscue acquired no title by his purchase at sheriff's sale, and he does not pretend to claim title to this land in any other manner. As the interest of Smith in this half section, and the interest Smith purchased of Shelton in all the lands claimed by Foscue should have been subjected to the payment of the debt of the complainants, the decree as to Foscue must be reversed.

The legal title, so far as we are advised, to all the land in which Smith had an interest derived from Shelton, is still in Bradford. Bradford is therefore a necessary party to a bill seeking to subject that interest, and consequently the chancel-

lor erred in dismissing the bill as to him. Although the interest of Bradford to the extent that he claims by his answer is clearly not liable in any manner for the satisfaction of the debt, yet as he holds the legal title, he is a proper party to the bill seeking to subject the equitable interest of Smith.

The decree so far as it dismisses the bill as to Reynolds and Burgess is affirmed, but it must be reversed as to Smith, Stamps, Foscue and Bradford, and the cause remanded for further proceedings as to them.

CHILTON, J., not sitting.