## Marshall *et al. v.* Croom *et al.*

*Creditors' Bill to set aside Fraudulent Conveyances.*

1. *Sworn answer; effect of as evidence.* — When the answer is verified as required by the bill, it operates, so far as responsive, as evidence for the defendant, and must prevail unless disproved by two witnesses, or by one witness with corroborating circumstances.

2. *Fraud, badges of.* — A sale and conveyance to a blood relative; the smallness of the price paid; the dominion or control exercised over the property sold, and the like, are badges of fraud, but not conclusive proof of it, and may be explained.

3. *Same; vendee's participation in, necessary to vitiate conveyance.* — Fraudulent acts or intent on the part of the vendor, not participated in, or known to, the vendee, will not authorize a decree setting aside the deed as one made with intent to hinder, delay, or defraud creditors.

APPEAL from Sumter Chancery Court.

Heard before Hon. A. W. DILLARD.

This was a bill filed by appellees, as judgment creditors of M. A. Marshall, to set aside three conveyances of lands made by him, two of which were made to his daughter, Mrs. Croom (now Mrs. Gere), and one to his son, J. B. Marshall. The grantor and all of the grantees were made defendants, and it was charged that the conveyances were without consideration, and made to hinder, delay, and defraud the creditors of the grantor. The defendants were not relieved from the necessity of putting in sworn answers, and each therefore answered under oath. The answers admit that at the time the conveyances were made the grantor was largely indebted, but it is alleged very positively and in detail that the grantees, respectively, were purchasers for value, and they deny any intent on their part to hinder or delay creditors; and they aver that the sums paid were the full marketable value of the tracts respectively, and that the purchases were made fairly and openly, after the grantor had offered the places for sale to others. They also admit that the grantor is the father of the grantees; and that he resides on the same place and in the same room as before the sale; but they aver that the grantor, being old and infirm, resides with the daughter, at her request, as she can thereby the better care for and support him, and that he has no control whatever over the place. It was also admitted by the answers that suits were pending against the grantor, and that the conveyances were made just before the Spring term of the court, at which judgments were taken against the grantor.

The cause was submitted on the bill and answers, and a transcript, referred to in the opinion of the court.

A decree was rendered by the court below, declaring the conveyances null and void, and ordering a sale of the property

VOL. LII.

[Marshall v. Croom.]

for the payment of the debts of complainants, from which decree defendants appeal.

SMITH & COBBS, for appellants. — The transcript of the Reavis transaction did not affect the grantor's co-defendants. 1 Greenleaf on Ev. § 189; 20 Ala. 200; 30 Ala. 366; 10 Ala. 359; 8 Ala. 650. Complainants have made defendants their own witnesses; they cannot therefore discredit them or ignore their statements. 21 Ala. 359; *Crawford* v. *Kirksey*, June term, 1872. The relationship of the parties; the insolvency of the grantor; the suits pending, or that courts were on the eve of being held, although indications of fraud, are not conclusive proof of it; there is a full explanation of these, and a complete denial of fraud by defendants. 49 Ala. 539. The answer of a defendant under oath can only be overturned by the testimony of two witnesses, or of one witness coupled with corroborating circumstances. 36 Ala. 175; 1 Brickell's Dig. p. 738, § 1466. A *bonâ fide* sale and conveyance for an adequate price is valid, though the effect would be to hinder and delay creditors. 39 Ala. 60. The vendor's fraud and intent is not sufficient to avoid a conveyance; the vendee must be implicated. 48 N. Y. 130; 36 Ala. 642; 41 Ala. 245; 35 Ala. 483; 52 N. Y. 274.

SNEDECOR & COCKRELL, *contra.* — In considering the question of fraud *vel non*, a large latitude is allowed in the proof. 25 Ala. 161; Kerr on Fraud, 384–5. If the facts admitted establish fraud, they must be held to outweigh the denials of the defendants. 3 Paige, 557; Kerr on Fraud, 389; 4 Ala. 374; 8 Greenleaf, 373; 3 Humph. 179; 6 J. J. Marsh. 98. The transactions being between parent and child, show fraud. Kerr on Fraud, 179–181; 199–200; 4 Johns. 582; Roberts on Fraud. Con. 452. The change of property must be accompanied by change of possession. 16 Ala. 86; 1 Johns. Ch. 478; 1 Smith's Leading Cases, 34; Kerr on Fraud, 209; 1 Cranch, 310; 14 B. Munroe, 529.

It is admitted that defendant M. A. Marshall was in debt at the times of these conveyances. See Kerr on Fraud, 205.

JUDGE, J. — This bill was filed by the complainants, as a creditors' bill, to set aside certain deeds of conveyance of property made by Matthew A. Marshall to two of his children, Mrs. Gere, formerly Mrs. Croom, and James B. Marshall, on the alleged ground that they were severally made to hinder, delay, and defraud the creditors of the said Matthew.

On the submission of the cause for a final decree, no evidence was introduced by the complainants but " the bill, answers, and

the transcript filed." The defendants offered no testimony. The transcript was a copy of original entries in the book of accounts of the late Judge Reavis, showing a settlement of accounts had by him with defendant Matthew A. Marshall, in April, 1866.

Whether this transcript, which was introduced in evidence by consent of the defendants, with the reservation of the right to make objections to its competency and relevancy, can be regarded as proof sufficient to show that the cause was not submitted for a decree on the bill and answers without evidence, we need not determine, as the view we take of the case will make the result the same whether it was thus or otherwise submitted. But as to whether it was a hearing on bill and answers without testimony, see *White's Heirs* v. *The President, &c. of the Florence Bridge Co.* 4 Ala. 464.

The charges of fraud made in the bill are direct and specific; and the interrogatories founded thereon for a discovery are of a thorough and most searching character. All the charges of fraud, and the interrogatories propounded to each defendant, are fully answered, and each one denies all the allegations imputing fraud ; and the answers are strictly responsive.

It has long been the settled law of this State, that if a bill charges fraud, and the answer denies it, the answer, if uncontradicted, is conclusive evidence for the defendant. *Smith* v. *Rogers*, 1 Stewart & Porter, 317 ; *Br. Bank Huntsville* v. *Marshall*, 4 Ala. 60. The rule announced in these decisions, however, is not confined in its operation to charges of fraud alone. In all cases in our system of equity jurisprudence where the answer is verified in obedience to the requirement of the bill, it operates, so far as responsive, as evidence for the defendant, and must prevail unless disproved by two witnesses, or by one witness with corroborating circumstances. 1 Brickell's Dig. 738, and cases cited in section 1466. In the language of Judge Story : " It is an invariable rule in equity, that where the defendant in express terms negatives the allegations of the bill, and the evidence is only of one person affirming as a witness what has been so negatived, the court will neither make a decree nor send the case to be tried at law, but will simply dismiss the bill. The reason upon which the rule stands is this. The plaintiff calls upon the defendant to answer an allegation of fact, which he makes ; and thereby he admits the answer to be evidence of that fact. If it is testimony, it is equal to the testimony of any other witness ; and as the plaintiff cannot prevail unless the balance of proof is in his favor, he must either have two witnesses, or some circumstances in

addition to a single witness, in order to turn the balance." 2 Story's Eq. Jur. § 1528.

It is certainly true that the answers in the case before us disclose facts and circumstances connected with the conveyances attacked, which are, in contemplation of law, badges of fraud; but they are not proof sufficiently conclusive of it to overturn the sworn denials of the answers; especially when the complainants have made the answers their own testimony.

The transcript showing a settlement between Judge Reavis and M. W. Marshall, in April, 1866, tends to show that the latter was not indebted to the former, at the close of the late war, in as large a sum as he had stated it to be in his answer to the sixth interrogatory propounded to him in the bill. In the present aspect of the case, this contradiction can be of no material import. The co-defendants and vendees of M. W. Marshall were not parties to the transaction, are not shown to have had any knowledge of it at any time, and cannot be affected by it.

It follows from what we have said, that the decree of the chancellor granting the relief prayed for by the complainants was erroneous; and the decree must be reversed and the cause remanded.[1]

---

[1] This case was decided at the January term, 1875.