# Terry *v.* Keaton *et al.*

## Bill in Equity to enforce Vendor's Lien.

1. *Vendor's lien; what is; enforceable only in equity.*—A vendor's lien has its existence and can be enforced only in equity. It is rarely the subject of express negotiation or contract, but is an incident which courts of equity recognize and enforce as springing out of the contract of bargain and sale of lands, when attendant conditions do not repel the presumption of such incident.

2. *Same; conveyance and obligation to convey; presumption subject to rebuttal.*—The doctrine "that a person who has gotten the estate of another, ought not, in conscience, as between them, to be allowed to keep it and not pay the full consideration money," applies to sales that are consummated by conveyance. When a mere obligation to convey is given, the title is retained as security; but when conveyance itself is executed, lien for the unpaid purchase-money is but an equitable presumption, which may be rebutted.

3. *Same; what insufficient to prevent lien attaching.*—Where notes were given to secure unpaid purchase-money on land, the absence of an *intention* to create a lien, without more, does not prevent it from attaching.

4. *Oral testimony to vary written contract,* will not be received, except in a proceeding, with appropriate amendments, which has for its object the reformation of the writing.

5. *Evidence to overturn contract; when insufficient.*—Where the plain language of certain notes shows that they are contracts for the payment of money for the purchase of certain lands, evidence that "it was not intended said notes should be a lien on the land," is insufficient to release the lien, or overturn the contract, which the law implies.

6. *Lien notes payable to wife of vendor; suit by wife's administrator.*—Where husband and wife joined in a conveyance of husband's lands for the purchase of which promissory notes were given by the vendees, payable to the wife, who died intestate, before such notes were paid, her administrator may file a bill to enforce the lien created by said notes. The husband had the right to have the notes made payable to his wife, and thus vest their ownership in her, which may be enforced against the vendees, though void against his creditors at the time, if they complain.

7. *Same; gift by husband to wife.*—A gift by a husband to a wife, such as making payable to her the purchase-money notes for the sale of his land, vests in her only such title as he may resume at any time during his life.

APPEAL from the Chancery Court of Coffee.

Heard before the Hon. HURIOSCO AUSTILL.

The bill in this cause was filed by appellant, Thomas J. Terry, administrator of the estate of Martha A. Johnson, deceased, against Nicholas B. Keaton and wife, appellees, to enforce a vendor's lien on two promissory notes, which the bill alleges to have been made by appellees, payable to appellant's intestate, for the purchase-money of certain lands conveyed by Martha Johnson and her husband, one Ashfield Johnson, to appellees.

The appellees set up in their answer that said Ashfield Johnson and wife, were the father and mother of the defend-

ant, Martha A. Keaton; that the said Ashfield Johnson owned the lands described in the bill in his own right, and being desirous of having his said daughter settle near him, gave to her said lands and executed his deed therefor, signed by himself and wife—complainant's intestate; that respondents executed said notes and delivered them to said Ashfield Johnson, and they were given to be held only as evidence of an advancement made by said Johnson to his said daughter; that though the notes were made in favor of said Martha Johnson they were never delivered to her, and never became her property; that said Martha Johnson never at any time owned a separate estate; that respondents made no trade with her in regard to said lands; that it was expressly agreed and understood that said notes were not to be paid and were not to be a lien upon said lands.

The case and points raised may be understood from the following opinion and decree of the Chancellor, and assignments of error:

"There are numerous objections to testimony in this cause, which the court deems it unnecessary to notice in detail. The parties to the suit are incompetent to testify as to any business transactions with, or statements by, complainant's intestate. The spirit of the statute excludes the testimony of any party personally interested in the subject matter of the suit, when objection is made to his testimony. When, however, a party is called upon to testify against his interest by the party adversely interested, the court is of opinion that his testimony should be received. The objections to Ashfield Johnson as a witness overruled, and his testimony is considered. The court is of opinion that, even if complainant's intestate was the owner of the notes, no vendor's lien attached to them in her hands. Having no lien the complainant has no remedy in this court."

The bill was dismissed without prejudice to complainant's right to sue at law upon the notes.

The errors assigned are:

1. Overruling appellant's objections to depositions of W. B. Keaton, Martha A. Keaton, and Ashfield Johnson.

2. Overruling exceptions to testimony offered by appellees.

3. Holding that no lien attached to the notes.

4. In not decreeing in favor of appellant.

5. In dismissing the bill.

6. The final decree.

W. D. ROBERTS, for appellant.—1. The defendants, W. B. Keaton and Martha A. Keaton, are incompetent witnesses to

[Terry v. Keaten et al.]

prove any transaction with, or statement made by, complainant's intestate.—*Key et al. v. Jones' Adm'r*, 52 Ala. 238; *Louis, adm'r v. Euslen*, 50 Ala. 470; *Waldman v. Crommelin's Adm'r*, 46 Ala. 580; *Stalling's Adm'r v. Hinson*, 49 Ala. 92.

2. A party cannot, when testifying for himself, be permitted to state the intention with which he entered into the contract.— *Oxford Iron Co. v. Spradley*, 51 Ala. 171.

3. Oral evidence is incompetent to vary or change a written contract, or to show a different consideration to the one expressed on the face of the instrument, unless the party is the actor, in a court of chancery, to reform the instrument.— *Steamboat Belfast v. Boon & Co.* 41 Ala. 50; *Hoyne et al. v. Smith, et al.* 16 Ala. 600; *Clark v. Hart*, 49 Ala. 86; *Chappell v. Williamson et al.* 49 Ala. 153; *Murphy v. Br. Bank of Mobile*, 16 Ala. 90; *Cowles v. Townsend & Milliken*, 31 Ala. 133; *Litchfield v. Falconer*, 2 Ala. 280.

4. The subscribing witness to the deed is supposed to know the terms of the contract better than the parties themselves.—*Bennett v. Robinson*, 3 S. & O. 227; see opinion on page 232.

5. A party cannot show by parol evidence that a note is not to be paid by an agreement not incorporated in the note.— *Walker v. Clay & Clay*, 21 Ala. 797; *West & West v. Kelly's Ex'r*, 19 Ala. 353.

B. M. STEVENS, with whom was J. E. P. FLOURNOY, *contra*.—

1. The first assignment of error is not well taken, as the pleadings and proof show that the land trade was not a transaction by or with Martha A. Johnson, appellant's intestate, but was a transaction with Ashfield Johnson, her husband, who is now in life.

2. The second assignment of error is not well taken. Ashfield Johnson being the husband of Martha A. Johnson, appellant's intestate would be entitled to one moiety of her personal estate absolutely, and being called by appellees to testify against his own interest, was, therefore, competent; and, with said Johnson not being a party to the cause, was, in all respects, competent to testify therein generally.

3. The third assignment of error is not well taken, as the proof overwhelmingly shows that it was expressly agreed and understood, at the time of said transaction, that said notes were not to be a lien upon said lands.

4. The fourth, fifth and sixth assignments of error being general, are also not well taken, as shown by the preponderance of proof in favor of the decree of the learned Chancellor, in the court below.

STONE, J.—1–2. In the case of *Bankhead v. Owen,* MSS., Ch. J. BRICKELL entered so fully into the discussion of the nature and extent of the equitable doctrine of vendor's lien, that we consider it unnecessary to repeat what he has so well said. It has its existence, and can be enforced only in equity. It is rarely the subject of express negotiation or contract, but is an incident which courts of equity recognize and enforce, as springing out of the contract of bargain and sale of lands, when attendant conditions do not repel the presumption of such incident. Its principle is, "that a person who has gotten the estate of another, ought not, in conscience, as between them, to be allowed to keep it, and not pay the full consideration money."—2 Sto. Eq. Ju. § 1219. This doctrine applies to sales that are consummated by conveyance. When a mere obligation to convey is given, the title is retained as security. But when conveyance itself is executed, lien on the land for unpaid purchase-money is but an equitable presumption, which may be rebutted.—*Foster v. Athenaeum,* 3 Ala. 302; *Conner v. Banks,* 18 Ala. 42; *Day v. Priskett,* 40 Ala. 624: *Relfe v. Relfe,* 34 Ala. 500; *Bowers v. Taylor,* 23 Ala. 255; *Brooks v. Woods,* 40 Ala. 538. See, also, *Buford v. McCormick,* 57 Ala. 428.

3. It is pleaded in defense to this suit that in this case the vendor's lien was waived. The testimony in support of this defense is that of Ashfield Johnson, Martha A. Keaton and Nicholas B. Keaton, and is entirely oral. We need not inquire whether such testimony would, in any case, be sufficient to repel the implication of lien. The testimony is wholly insufficient. The witnesses say, "it was not intended said notes should be a lien on the land." This is, in substance, the sum of the evidence. It is wholly insufficient to prove a contract releasing the lien which the law implies. Parties may have supposed the notes would be paid, and may not have thought of the question of lien. The absence of an *intention* to create a lien, without more, does not prevent it from attaching. Courts pronounce on contracts of parties; not on their uncommunicated intentions, or thoughts not embodied in mutual agreements.—*Sanford v. Howard,* 29 Ala. 684.

4–5. It is contended, however, that the conveyance of the land was intended as advancement, and that the notes were never to be collected. We think the proof given on this subject falls within the rule, applicable alike to cases at law and in chancery, that oral testimony will not be allowed to vary the terms of a written contract, except in a proceeding, with appropriate averments, which has for its object the reformation of the writing.—*Hogan v. Smith,* 16 Ala. 600;

*Steamboat Belfast v. Boon,* 41 Ala. 50; *Clark v. Hart,* 54 Ala. 490; s. c. 57 Ala. 390.   Aside from this, we think the proof in this case fails to overturn the plain language of the notes, that they are contracts for the payment of money.—See, also, *West v. Kelly,* 19 Ala. 353; *Walker v. Clay,* 21 Ala. 797.

6.   It is further contended that inasmuch as the lands which were sold and conveyed were the property of Mr. Johnson, and not of Mrs. Johnson, the intestate, the present suit can not be maintained by her administrator. *Buford v. McCormick* answers our phase of this objection. The other—namely, the right of Mr. Johnson to have the notes made payable to his wife, and thus vest their owner-ship in her, while void against his creditors at the time, if they exist and were complaining, is settled against the defendants by several decisions of this court.—See *Jones v. Deyer,* 16 Ala. 221; *Williams v. Maull,* 20 Ala. 721; *Andrews v. Andrews,* 28 Ala. 432; *Pinkston v. McLemore,* 31 Ala. 308; *Cain v. Gimon,* 36 Ala. 168.

7.   There is a remark in the case of *Gunnard v. Eslava,* 20 Ala. 732,—not necessary to the decision—which asserts that a gift by husband to his wife, such as that shown in this record, vests in her only such title as he may resume at any time during his life.   The authorities cited are *Adams v. Brackett,* 5 Metc. (Mass.) 280, and *In re Grant,* 2 Sto. 312. While they support another well recognized principle expressed in the same paragraph, they make no allusion whatever to the right of the husband to make such gift or settlement.

The decree of the chancellor is reversed, and this court, proceeding to render the decree which that court should have rendered, doth order and decree that the complainant is entitled to the relief prayed by his bill.   It is referred to the register to take and state an account of the amount due complainant, with proper interest computed, and report the same to the next term of the Chancery Court.   All other questions are reserved until the coming in of the report.