# Beachman *v.* Koch & Dreyfus.

*Bill in Equity by Creditors, to set aside Conveyance by Insolvent Debtors as Fraudulent.*

1. *Sale of goods by insolvent partnership, reserving exemptions; validity as against creditors.*—On the dissolution of an insolvent mercantile partnership, each partner reserving and selecting as exempt goods to the value of $1,000, and conveying the residue, on a credit of six and twelve months, to the husband of one of them, who had knowledge of all the facts, and who undertook to apply the money arising from the sale of the goods to the payment of the partnership debts; the transaction is fraudulent as against creditors, and all of the property may be subjected in equity to the satisfaction of their debts.

APPEAL from the City Court of Decatur, in Equity.

Heard before the Hon. WM. H. SIMPSON.

The facts of this case are sufficiently set forth in the opinion. Upon a final hearing, on the pleadings and proof, the court decreed that the complainants were entitled to the relief prayed, and ordered that the sale be set aside. This decree is here assigned as error.

WERT & SPEAKE, for appellant, cited *Shealy v. Edwards*, 75 Ala. 411; *Pickett v. Pipkin*, 64 Ala. 520; *Marshall v. Croom*, 52 Ala. 555. *Knowles v. Street*, 87 Ala. 361; *Carter Bros. & Co. v. Coleman*, 84 Ala. 256; *Rankin v. Vandiver*, 78 Ala. 562; Wait on Fraudulent Conveyances, § 199.

E. W. GODBEY, *contra*, cited *Lehman, Durr & Co. v. Kelly*, 68 Ala.192; *Simms v. Gaines*, 64 Ala. 369; *Hoyt v. Turner*, 84 Ala. 528; *Carter Bros. & Co. v. Coleman*, 82 Ala. 181; Wait on Fraudulent Conveyances, 202. Bump on Fraudulent Conveyances, 399–400.

COLEMAN, J.—The bill was filed by appellees, as creditors of J. S. Sugars & Co., to have a sale of goods and other personalty by the firm to Robert Beachman declared fraudulent and void. The partnership consisted of J. S. Sugars and Georgiana Beachman, the latter being the wife of Robert Beachman, appellant. The agreement for the sale was in writing, and is made exhibit "A" to deposition of Robert Beachman.

This agreement stipulated that the partnership be dissolved,

that each partner select one thousand dollars in value of the goods as exempt property, and after taking out these exemptions the residue of goods on hand "to be sold and delivered to Robert Beachman, for the sum of fifteen hundred dollars, for which he gave to each of the parties hereto his two several promissory notes, in the sum of three hundred and seventy-five dollars each, due and payable, respectively, six and twelve months after date." In his answer Robert Beachman asserts that he believed the firm to be solvent, that he paid a fair consideration for the goods purchased, that it was a *bona fide* sale, and made upon the express agreement that the money he paid for the goods was to be applied by the firm to the debts of the firm, and without such agreement, he would not have purchased the goods ; and he denies all knowledge of and participation in any fraudulent intent. In his answer, Sugars states that he was afraid the goods would be sacrificed at forced sale under execution, and that the purpose in view was to realize the full value of the goods, for the benefit of creditors. He denies all fraudulent intent in the transaction. Mrs. Georgiana Beachman personally knew very little of the business and its condition, but her answer is in the same line with that of Sugars and her husband. The evidence shows that, a few days before the dissolution of the partnership, the firm was sued, and other suits were expected to follow. Robert Beachman assisted in taking an inventory of the goods, and the footing up of the stock on hand was done by him. At that time the indebtedness of the firm aggregated about six thousand dollars. According to the testimony of the defendants, after taking out two thousand dollars as exempt, the residue was worth on a credit fifteen hundred dollars.

A creditor may purchase the goods of an insolvent debtor, the consideration being the payment of a debt, subject to the conditions expressed in many decisions of this court, and he may also, subject to certain conditions, purchase them for a present money consideration, where, as in the case of *Carter Bros. v. Coleman*, 84 Ala. 257, the grantee himself, by the terms of his agreement, pays the purchase-money to the creditors of the insolvent debtor, or sees that the insolvent debtor so applies it.—*Knowles v. Street*, 87 Ala. 360; *Hodges v. Coleman*, 76 Ala. 103; *Rankin v. Vandiver*, 78 Ala. 562, and many others.

If the purchaser has knowledge of facts and circumstances naturally and justly calculated to awaken suspicion in the mind of a man of ordinary care and prudence, of the fraudulent intent of the seller, it is sufficient to charge him with notice of such intent.—*Lehman, Durr & Co. v. Kelly*, 68 Ala.

201; *Shealy v. Edwards*, 75 Ala. 416. A sale, which by its provisions would allow an insolvent vendor an undefined discretion or caprice in the future direction of the proceeds of his goods, even when sold for the purpose of raising a fund to apply to his debts, would be a fraudulent sale as to his creditors.—68 Ala. *supra*.

No property owned by partners as partnership property shall be the subject of exemption against partnership creditors. Code, § 2513. If a dissolution of the partnership is made, not in good faith, but to divert partnership assets from partnership creditors, it is void, and the insolvency of the partnership may be considered in determining whether the dissolution was in good faith.—Bump on Fraud. Con., p. 258–9.

Apply these principles to the facts of the case. The goods were sold on a credit of six and twelve months, terms which necessarily tended to hinder and delay creditors, and leaving to the vendors a capricious discretion and power as to the future use of the proceeds of the sale. By the very terms of the dissolution and sale to Robert Beachman, expressed in the agreement, each partner was to take out and did take out one thousand dollars in value of the goods, and every dollars worth of goods was placed beyond the reach of creditors. Robert Beachman at night received and carried home the exemptions selected for his wife. There is no pretense that these goods were intended to be applied to the benefit of creditors, and Robert Beachman actively participated in the accomplishment of this purpose, and he did this with the full knowledge of the insolvency of the concern, and of the suits of the creditors instituted, and those expected to follow. His position as salesman in the store, his access to and examination of the books, and at all times and for all purposes, the representative of his wife is fully shown. "Acts of parties make manifest their secret intentions."

Giving the defendants the benefit of their sworn answers, and the rule of law applicable in such cases (as stated in *Croom v. Marshall*, 52 Ala. 556), we do not desitate to declare that the legal inference to be drawn from facts proven in this case is, that the entire transaction was conceived and executed for the purpose of defrauding the creditors of J. S. Sugars & Co., and that Robert Beachman assisted in concocting and executing the fraud.

We find no error in the decree or orders of the court, covered by the assignments of errors, and the decree of the court below is affirmed.