[Hunter v. Briggs, et al.]

# Hunter v. Briggs, et al.

*Bill to Enforce Vendor's Lien.*

(Decided December 4, 1913.   63 South. 1004.)

1. *Vendor and Purchaser; Bona Fide Purchaser for Value; Who Are.*—One who takes under a quit claim deed acquires only such title and interest as his grantor had, and is not within the protection of the doctrine of a bona fide purchaser.

2. *Same; Vendor's Lien; Foreclosure; Parties.*—Where a father sold land accepting the purchaser's promissory notes which were made out to his daughter, and the purchaser defaulted in the payment, the father and the daughter were properly joined in an action to foreclose the vendor's lien, as only one vendor's lien was raised by operation of law to secure the payment of the purchase money, and the fact that the notes were made payable to the daughter did not render the father an unnecessary party.

3. *Same; Waiver.*—When a vendor of land accepts purchase money notes in payment, but has them made out to another, his vendor's lien is not waived, but may be enforced in case of a default by the purchaser.

4. *Same; Parties Respondent; Misjoinder.*—Where a complainant sold land, taking purchase money notes in payment, and the purchaser thereafter conveyed the land to two different persons and defaulted in payment of his purchase money notes, both of the grantees of the purchaser were proper parties to a bill to enforce a vendor's lien, as they were both interested, it being sufficient to avoid the rule against multifariousness that each one of defendants had an interest in some of the matters involved, and are connected with others.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Ada Briggs and another against P. P. Hunter and another to enforce a vendor's lien. From a decree for complainant, Hunter appeals. Affirmed.

BANKHEAD & BANKHEAD, for appellant. The provisions of section 3413, Code 1907, have changed the common law rule that a purchaser by a quit claim deed is not entitled to protection from latent equities.—59 Am. St. Rep. 531; 148 U. S. 24; 24 L. R. A. 44; 138 Am. St.

[Hunter v. Briggs, et al.]

Rep. 1017; 75 L. R. A. (N. S.) 1035; 57 C. C. A. 301
The Chancellor erred in overruling demurrer to bill as
amended as there was a misjoinder of parties complain-
ant.—Sec. 3735, et seq., Code 1907; *Tower M. Co. v.
Thompson,* 90 Ala. 129; *Bestor v. Barker,* 106 Ala. 240;
*Cowan v. Campbell,* 131 Ala. 211; *M. & F. Ry. Co. v. Mc-
Kenzie,* 85 Ala. The court also erred in overruling
demurrers to the bill because of misjoinder of parties
respondent.

FRANK S. WHITE & SONS, for appellee. The answer
attempting to set up a bona fide purchaser for value is
indefinite and equivocal.—*Craft v. Russell,* 67 Ala. 12.
The taking of the purchase money note, payable to other
than the vendor does not destroy or affect the lien.—
*Nance v. Gray,* 143 Ala. 234; *Terry v. Keyton,* 58 Ala.
666; *Wilkinson v. May,* 69 Ala. 333; *Lynn v. Bass,* 84
Ala. 281, and cases cited in 4 Mayf. 1098. The burden
was on respondent to show that he acquired the proper-
ty for value and without notice.—*Knight v. Knight,* 133
Ala. 597; *Craft v. Russell, supra.* Notice by an agent
within the line of agency is notice to the principal.—
5 Mayf. 778, note 7; *Wood v. Holly,* 100 Ala. 352. There
was no misjoinder of parties complainant.—*Moore v.
Pope,* 97 Ala. 462; *Davis v. Vandiver,* 143 Ala. 202;
*Parkman v. Aicardi,* 34 Ala. 398; Sim's Ch. secs. 124,
126, 129, 142, 150-1; 3 Mayf. 248. There was no misjoin-
der of parties respondent.—Sec. 3095, Code 1907; *Ken-
nedy v. Kennedy,* 2 Ala. 573; *Chapman v. Chunn,* 5 Ala.
397. Appellant cannot complain that Burkhart was
joined.—*Stone v. Knickerbocker,* 52 Ala. 589.

McCLELLAN, J.—About December 31, 1907, Henry
Briggs (appellee) sold to E. D. Taylor two lots in the
city of Birmingham, for a combined, unseparated con-

sideration of *$10,500*. Four thousand dollars of this purchase money was represented by an outstanding mortgage on the land, the payment of which mortgage debt Taylor assumed. For the balance of the purchase money, $6,500, Taylor gave his promissory notes, payable to Ada Briggs, Henry Briggs' daughter. Subsequently, as the result of payments and renewals, the balance of the purchase money debt became represented by three notes executed by Taylor; One for $390, given for interest on the mortgage debt, one for $1,500, and one for $2,500. The bill, exhibited by Ada and Henry Briggs, sought the enforcement of a vendor's lien for the unpaid purchase money and interest, including that represented by the note for $390. The parties made respondents were Taylor (who suffered decree pro confesso), E. P. Hunter, and B. C. Burkhart, who took by separate purchases from Taylor, and who contested the bill. The decree ran in Burkhart's favor; but relief was granted as against Hunter, and a lien was established on the lot purchased by Hunter. Hunter alone complains of the decree. Features of the cause not pertaining to Hunter's rights or interests will be, of course, laid out of view.

Hunter, having acquired from Taylor only such right, title, and interest as a quit-claim deed from his grantor transmitted to him could not, under established authority, here be within the doctrine protective of innocent purchasers. That is a matter long since closed to further inquiry in this state.—*Smith v. Perry,* 56 Ala. 266; *Wood v. Holly,* 100 Ala. 352, 13 South. 948, 46 Am. St. Rep. 56; *Clemmons v. Cox,* 114 Ala. 350, 355, 21 South. 426, among others. Code 1907, § 3413, has no effect to qualify or affect the doctrine just mentioned.—*Smith v. Bank,* 21 Ala. 125, 136.

There is no misjoinder of complainants. The bill as amended shows Ada Briggs, the payee in the notes, to be the holder of the legal title thereto, and that Henry Briggs has an equitable, beneficial interest therein. The common ligament between their interests or rights, even if they have subsequently divided their interests into the sums represented by separate notes executed by Taylor, was the single, unseparated consideration supporting the sale of the lots to Taylor. There was raised, *by operation of law, one* vendor's lien to assure the payment of the purchase money. It is not possible that the security, the vendor's lien, the bill would establish has been so severed as to create independent, incongruous rights in each of the complainants. The unity of the original transaction and the singleness of the law-implied lien leave, we think, no doubt of the propriety, if not necessity, for the joinder of Ada and Henry Briggs as complainants.—*Ellis v. Vandergrift,* 173 Ala. 142, 55 South. 781. What their relative, respective interests in the fund unpaid are—certainly so long as they are entitled to the whole unpaid balance of the purchase money —is a matter of no concern to the respondent Hunter, if, as appears to be the case, he took the land subject to all of the equities existing between Taylor and the owners of the vendor's lien.

There is no merit in the suggestion of misjoinder of respondents, for that Hunter and Burkhart each purchased a distinct lot from Taylor. The considerations, briefly stated with reference to the asserted misjoinder of complainants, lead to the same conclusions. In any event, it is not necessary, in order to avoid the violation of the rule against multifariousness, that every one of several respondents "should have an interest in all matters of controversy; it is sufficient if each defendant has an interest in some of the matters involved and they are

[Pollak v. Stouts Mountain C. & C. Co., et al.]

connected with others."—*Truss v. Miller*, 116 Ala. 494,
505, 22 South. 863; *Ellis v. Vandergrift, supra.* The
vendor's lien, created by operation of law, connects each
subsequent purchaser, back through the original pur-
chaser, with the security the complainants would en-
force.

We see no fault, prejudicial to appellant, in the ap-
portionment therein made of the unpaid purchase
money and the establishment of the lien, to that extent,
upon Hunter's lot. There was no waiver of the ven-
dor's lien in consequence of the notes being taken to
Ada Briggs.—*Wilkinson v. May*, 69 Ala. 33; *Linn v.
Bass*, 84 Ala. 281, 4 South. 867; *Terry v. Keaton*, 58 Ala.
667.

No error prejudicial to appellant (Hunter) appear-
ing, the decree is affirmed.

Affirmed.

MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.