(112 So. 189)

MARSH et al. v. MARSH et al. (4 Div. 302.)

(Supreme Court of Alabama. March 24, 1927.)

1. Appeal and error ⊜⇒1097(4) — Parties brought in by amendment pending appeal, as claimants of title under deed from defendant, held bound by decree, though not by decision on former appeal.

Parties brought in by amendment pending appeal on discovery of their acquisition of title to land involved under quitclaim deed from one defendant held bound by decree, though not parties to former appeal and not bound by former decision.

2. Vendor and purchaser ⊜⇒230(1)—Grantee is chargeable with notice of everything which chain of title shows or reasonably suggests.

Grantee of lands is chargeable with notice of all that is shown, or of which he is reasonably put on inquiry, by his chain of title.

3. Vendor and purchaser ⊜⇒224—One claiming title under quitclaim deed is put on notice of equities against which grantor would not warrant.

One claiming title solely by virtue of or under quitclaim deed is put on notice of other equities against which grantor would not warrant, and is not a bona fide purchaser without notice.

4. Mortgages ⊜⇒226 — Quitclaim deed from junior mortgagee held mere transfer or assignment of its equity.

Quitclaim deed from junior mortgagee was mere transfer or assignment of its equity, where senior mortgage was in full force and duly recorded.

5. Vendor and purchaser ⊜⇒220—Bona fide purchaser rule applies only to legal title.

Rule of bona fide purchaser applies only to purchase of legal title.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Bill in equity by J. T. Marsh and others against T. W. Marsh and others. From a decree overruling a demurrer to the bill, defendants appeal. Affirmed.

See, also, 205 Ala. 425, 88 So. 423; 207 Ala. 553, 93 So. 604.

Wilkerson & Brunson, of Elba, for appellants.

A holder of a warranty deed is not deprived of the position of bona fide purchaser by the fact there is a quitclaim deed in the chain of title. 27 R. C. L. 735; 2 Pomeroy's Eq. Jur. (4th Ed.) § 754; 81 Kan. 43, 105 P. 9, 25 L. R. A. (N. S.) 1035; Whitfield v. Riddle, 78 Ala. 99; Prince v. Carter, 186 Ala. 535, 65 So. 326. Lis pendens is not notice to a purchaser without filing of statutory notice. Acts 1915, p. 122; Code 1923, § 6878; James Supp. Co. v. Frost, 214 Ala. 227, 107 So. 57; Ark. Ala. Lbr. Co. v. Powell, 213 Ala. 591, 105 So. 588.

P. B. Traweek, of Elba, and James J. Mayfield, of Montgomery, for appellees.

One holding under a mere quitclaim deed cannot be an innocent purchaser without notice, but is chargeable with notice of all prior equities. Hunter v. Briggs, 184 Ala. 327, 63 So. 1004; Derrick v. Brown, 66 Ala. 167; Truss v. Miller, 116 Ala. 494, 22 So. 863; Wilson v. Wall, 34 Ala. 288; 27 R. C. L. 433.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Proper diligence and inquiry would have led subsequent holders to the information that complainants had equities and a pending suit about the property. Winters v. Powell, 180 Ala. 425, 61 So. 96; Betts v. Ward, 196 Ala. 248, 72 So. 110; Rucker v. T. C. I. Co., 176 Ala. 456, 58 So. 465.

THOMAS, J. This suit, or phases thereof, are reported in 207 Ala. 553, 93 So. 604, and 205 Ala. 425, 88 So. 423. The decision in 205 Ala. 425, 88 So. 423, was upon pleading and proof involving the proceeds of an insurance policy, a part of the transaction by which the Elba Bank & Trust Company and J. A. Marsh acquired title to the land.

[1] The appeal in 207 Ala. 553, 93 So. 604, was on ruling on demurrer to the instant bill. It is true that some of the parties to this appeal were not parties before and not bound by the former decision. However, said parties are alleged to have acquired their title pending the suit and appeal, and their title rests solely upon the quitclaim deed from the Elba Bank & Trust Company to J. A. Marsh, and when this was known to complainants, they were brought in by amendment as necessary parties, and that the whole title be represented before the court and be bound by the decree. Hodge v. Joy, 207 Ala. 198, 92 So. 171.

[2, 3] As we have observed, the title to the parties added by amendment rested upon the bank's quitclaim deed to J. A. Marsh. They were not bona fide purchasers, for they were bound by the notice and defects apparent on the face of the title. That is to say, a grantee of lands is chargeable with notice of all that is shown or of which he is reasonably put upon inquiry by his chain of title. Anniston B. & L. Co. v. Green, 197 Ala. 567, 73 So. 81; Truss v. Miller, 116 Ala. 494, 507, 22 So. 863; Wilson v. Wall, 34 Ala. 288. One who claims title solely by virtue of or under and through a quitclaim deed is put upon notice of other equities against which said grantor would not warrant, and is not a bona fide purchaser without notice. Betts v. Ward, 196 Ala. 248, 257, 72 So. 110; Hunter v. Briggs, 184 Ala. 327. 63 So. 1004; Rice v. Henderson-Boyd Lbr. Co., 197 Ala. 579, 73 So. 70.

[4, 5] The effect of the averred transaction that invested an interest in J. A. Marsh has been fully considered on former appeals. Moreover, the quitclaim deed from the junior mortgagee was a mere transfer or assignment of its equity, it being shown by the bill, the existence in full force and effect of the Forman mortgage duly recorded. Taylor v. Burgett, 207 Ala. 54, 91 So. 786. The rule of a bona fide purchaser applied only to a purchase of the legal title. "One cannot be a bona fide purchaser where his grantor did not have the legal title to convey." Shook

v. Southern B. & L. Ass'n, 140 Ala. 575, 579, 37 So. 409; Craft v. Russell, 67 Ala. 9; State v. Conner, 69 Ala. 212, 217; Overall v. Taylor, 99 Ala. 12, 11 So. 738; Hess v. Hodges, 201 Ala. 309, 78 So. 85, L. R. A. 1918D, 858; Hunter v. Briggs et al., 184 Ala. 327, 63 So. 1004.

The bill affirmatively alleges that each party defendant acquired title or interest with knowledge or notice of complainants' superior title or equity. What was heretofore said as to the Elba Bank, J. A. Marsh and L. A. Boyd, predecessors in title, equity, or interest, applies to parties subsequently brought in by way of amendment.

There was no error in overruling the demurrers to the bill as amended.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.