# Cahalan *v.* Monroe, Smaltz & Co.

*Bill in Equity by Wife, for Injunction of Judgment in Ejectment against Husband, Cancellation of Mortgage, &c.*

1. *Amendable defects in bill, on motion to dismiss for want of equity.*—On motion to dismiss a bill for want of equity, all amendable defects, in matters of form, will be considered as amended; but the want of a substantive averment — an averment of a material fact, such as notice—does not come within the rule.

2. *Who is purchaser without notice.*—A purchaser at a sale under a mortgage, having actual notice of an outstanding equity, may nevertheless take advantage of the want of notice on the part of the mortgagee, since otherwise the mortgage would be a worthless security.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed on the 20th November, 1876, by Mrs. Catherine Cahalan, wife of Michael Cahalan, against Monroe, Smaltz & Co., a mercantile partnership, her said husband, and others; and sought to enjoin the execution of a judgment in ejectment, which the said Monroe, Smaltz & Co. had obtained against said Michael Cahalan, for a certain tract of land which the complainant claimed, on the ground that it was bought and paid for with moneys belonging to her statutory separate estate; and to obtain the cancellation of a mortgage on the land, under which the said Monroe, Smaltz & Co. deduced title. The chancellor dismissed the bill, on motion, for want of equity; and his decree is now assigned as error.

RICE, JONES & WILEY, with whom was J. J. JOLLEY, for appellant.—On motion to dismiss a bill for want of equity, all amendable defects are to be considered as amended.—*A. & F. Railroad Co. v. Kenney*, 39 Ala. 307; *Nelson & Hatch v. Dunn*, 15 Ala. 501. On the allegations of the bill, a trust resulted in favor of the wife, which might be enforced against

the husband, and against all persons claiming through him with notice.—*Foster v. Trustees*, &c., 3 Ala. 302. It is averred that the purchasers at the mortgage sale had actual notice; and it appears, at least inferentially, that the mortgagee had constructive notice. If it was necessary to aver actual notice to the mortgagee, the allegation might have been made by amendment. But, even without that averrment, the bill is not wanting in equity; since it shows that the mortgagee had notice of the complainant's rights before the sale under the mortgage. If the mortgage were a valid security for the debt, the mortgagee could not, by a foreclosure in equity, injuriously affect the rights of persons who were not parties to the suit; and a foreclosure by sale, without suit, can not confer any greater rights on the mortgagee or his purchaser. *Fanning v. Dunham*, 5 John. Ch. 136–44; *Haines v. Beach*, 3 John. Ch. 459–67; *Sherman v. Cox*, 3 Ch. Rep. 46; *Wilson. v. Troup*, 2 Cowen, 195; *McGowan v. Br. Bank at Mobile*, 7 Ala. 823; *Hunt v. Acre*, 28 Ala. 580; *Dresser v. Mo. & Iowa Railroad Co.*, 3 Otto, 92, and cases therein cited. The bill might have been amended, also, by adding an averment that the mortgage was given to secure an antecedent debt.—*Boyd v. Beck*, 29 Ala. 703; *Wells v. Morrow*, 38 Ala. 125.

PORTER & MARTIN, contra, cited *Fenno v. Sayre*, 3 Ala. 458; *Daniel v. Sorrells*, 9 Ala. 437; 8 Ala. 73; *Coleman v. Smith*, 52 Ala.

MANNING, J.—The bill in this cause was filed to enjoin execution of a judgment at law, by which it was determined that appellees were entitled to recover the land in controversy, of Michael Cahalan, husband of the complainant. The title of appellees was acquired by purchase, at a sale of the land under a mortgage made by said Michael and his wife, Catherine, to one McLaughlin. The bill avers, that Michael originally bought it from his vendor (whose bond for titles first, and conveyance thereof subsequently, are exhibited), with money of the statutory separate estate of said Catherine, and for her, but made the contract, and took the title in his own name; and that notice thereof was given to appellees, at and before the sale at which they were the purchasers. But it is not any where alleged, that McLaughlin, the mortgagee, had any such notice when the mortgage was made. The chancellor dissolved the injunction, for want of equity in the bill. Appellants insist that this was erroneous; that the bill is not without equity, because, by an amendment, charging that McLaughlin had such notice, the bill

would set forth a state of facts that would sustain a decree for relief.

If the facts alleged make a case for relief, but, for a defect in the prayer, or the omission of some matter less of substance than are the facts out of which his grievance arises, the complainant is not entitled to a decree without an amendment of the pleading, the courts are indulgent in allowing amendments, even to the extent, in some circumstances, of considering an amendment as made which ought to be made. Such was the case, in which this was done, of *Nelson & Hatch v. Dunn*, 15 Ala. 501. The defect was in a cross bill, and consisted in an omission of the prayer that it be considered as a cross bill, and be heard as such with the original bill; though it was evident that it was with this intent the pleading was filed. There was no defect in the averment of facts, or matter showing in plaintiff a right to relief; but the application for this was not in proper form. In such a case, the bill is not without equity. A bill is without equity, when the facts alleged in it do not constitute a case that entitles the plaintiff to relief in a court of equity. And that is the condition of the bill now before us.

It does not show that complainant has any case, on the facts alleged, for relief against the defendants. The title of the latter is not impaired by their having received notice of complainant's claim, at the time of the mortgage sale, if the mortgagee had no such notice when the mortgage was executed to him. In that case, he became a *bona fide* purchaser as mortgagee, and capable, as such, of conveying the good title he acquired to any person, even to one who had been made aware of facts that would have prevented him from buying a good title against the wife directly, from her husband, the mortgagor. To hold otherwise, might make the mortgage worthless as a security to the innocent mortgagee. *Fenno v. Sayre*, 3 Ala. 458; *Daniel v. Sorrells*, 9 Ala. 437. The bill does not intimate that McLaughlin had any knowledge of the secret right which complainant claims, in land that was conveyed by deed to, and was occupied by her husband; and his deed to McLaughlin is in the form commonly used when, as frequently occurs, the wife joins with her husband, as a party of the first part, in conveying lands belonging to him, with the intent thereby only to relinquish dower. It therefore does not, nor does the bond or deed to Cahalan from his vendor, contain any thing to indicate that there was any title or right, except of dower, in his wife.

Whether McLaughlin had notice of Mrs. Cahalan's claim or not, is a matter of fact and substance. It is not averred, nor does it in any way appear, that he had. Manifestly,

[Pruitt v. Armstrong.]

therefore, it is impossible for the court to consider that as alleged, and alleged under oath, in a bill for an injunction, which not only is not contained therein, but which, for aught appearing to the court, could not perhaps be put into the bill without perjury. The case of *The Ala. & Fla. R. R. Co. v. Kenney,* to which we are referred as an authority upon this point, does nothing more than approve the decision in *Nelson & Hatch v. Dunn, supra;* holding that, when the defect is in a matter of form, it will, on a motion to dissolve an injunction in vacation, be considered as corrected by an amendment.

The decree of the chancellor must be affirmed.