## MILLER v. WILSON ET AL.

## KINNERSLY v. LEE ET AL.

1. **Property:** REAL OR PERSONAL: MACHINERY FOR MILL: ORDER OF
   LIEN. The owners of a mill held it subject to a recorded lien for pur-
   chase-money, and they purchased certain machinery to be annexed to the
   mill, and the machinery had been delivered on the ground, and it was
   their intention to annex it, and they had begun the erection of a build-
   ing in which the machinery was to be placed, but none of it had been
   put in place. *Held* that the machinery was as yet personal property,
   and that a chattel mortgage then placed upon it created a lien
   which was superior to the vendor's lien on the realty for purchase-
   money. (Compare *Sowden v. Craig*, 26 Iowa, 156, and *First Nat. Bank
   of Waterloo v. Elmore*, 52 Id., 541.)

*Appeal from Van Buren District Court.*

WEDNESDAY, JUNE 8.

IN 1880, J. J. Kennersly was the owner of certain real estate on which was situated a mill, the machinery in which was propelled by water. In December of that year he sold the real estate to A. P. Lee; and, as a large portion of the purchase-money was not paid, Kinnersly and Lee entered into a written contract whereby the former reserved and was entitled to a vendor's lien on the premises as security for the payment of the purchase-money. This contract was duly recorded on the second day of December, 1880. After such purchase, J. W. Wilson became interested therein as a partner with Lee, and it was determined to operate the mill wholly or in part with steam-power. Wilson, for the partnership, purchased of Fowler, in Illinois, a steam-engine and other machinery, partly, at least, on credit, and the same was shipped to Keosauqua for the purpose above stated. Miller claims that Wilson & Lee became indebted to him on or about June 1, 1881, and on the thirteenth of that month they gave him a mortgage on said engine and other machinery to secure such indebtedness. The mortgage was duly recorded on the day it was executed. Miller claims that such engine and machinery, at the time the mortgage was given, was personal property. Afterwards, in July, Wilson & Lee gave Fowler a mortgage on the same machinery as was covered by the Miller mortgage, and Fowler also claims that the same, at the time his mortgage was executed, was personal property.

The first of the above actions was brought to foreclose Miller's mortgage. Fowler and Kinnersly were made defendants. The former, in a cross-petition, asked a foreclosure of his mortgage, and Kinnersly pleaded that such engine and other machinery was attached to and had become a part of the real estate, and therefore his vendor's lien was the

prior lien. The second action was brought to foreclose such vendor's lien, and Miller and Fowler were made defendants, and the issues therein were the same, in substance, as in the other action. Evidence was taken in the first action only, which, by agreement, was considered in the second action, and both were submitted together. They, however, were not consolidated, and separate judgments were entered in each. The court found and determined in the first action that the Miller mortgage was a valid lien on the property therein described, and foreclosed the same, and also held that it was prior to the liens of Fowler and Kinnersly. The court foreclosed the Fowler mortgage, and held that it was prior to the lien of Kinnersly. The latter and Fowler appeal. In the second action the court foreclosed Kinnersly's lien on the real estate, and in other respects the judgment is the same as in the first named action. From this judgment Kinnersly and Fowler appeal.

*Wherry & Walker*, for Kinnersly.

*Wm. Moore*, for Fowler.

*Sloan, Work & Brown*, for Miller.

SEEVERS, J.—I. Counsel for the appellant insists that under the issues it becomes necessary to determine whether there was any consideration for the Miller mortgage, and, if so, whether the indebtedness secured thereby has not been paid. Counsel for the appellee insist that no such defense as a want or a failure of consideration is pleaded, and we incline to think that the position of the appellee must be sustained; but it is not necessary to determine such question, for, after a careful examination of the evidence, we reach the conclusion that appellants have failed to establish such defense, or that any portion of the Miller mortgage has been paid, by a preponderance of the evidence. The burden of proof to establish such defense is on the appellants, and we have

reached the conclusion that a preponderance of the evidence is in favor of the plaintiff as to both questions. On the side of the appellee, there are the notes and the mortgage, and the evidence of Miller and Lee, who both testify that there was an actual indebtedness secured by the mortgage, and that it had not been paid; and upon the other side there is little evidence which tends to show that there was no consideration for the mortgage. It is true, counsel for the appellants, in an ingenious argument, insist that Miller and Lee are unworthy of belief because of contradictory and manifestly untrue statements made by them. If this is conceded, there remain the notes and mortgage, and we fail to find sufficient evidence showing a failure of consideration, even if the evidence of Miller and Lee is rejected. But we cannot say that such evidence is unworthy of belief. The matters relied on as being sufficient in this respect, when fairly and impartially considered, fail to satisfy us that the material facts testified to by them are false. There is no evidence tending to show payment, unless the evidence of Fowler can be so regarded. The evidence of Miller, Lee and Brown creates a preponderance in favor of the proposition that Fowler is mistaken as to material facts testified to by him.

II. The next question discussed by counsel is whether, at the time Miller's mortgage was executed, the property therein described was personal property. We find the fact to be that, at the time the Miller mortgage was executed, Wilson and Lee had commenced a building on the real estate purchased of Kinnersly, and about forty feet distant from the mill, in which the engine and boiler were to be placed, and the former connected by a shaft with the machinery in the mill. We further find that, at the time the mortgage was executed, none of the machinery was attached to the real estate, nor had it been put in place. It seems to us that there is a preponderance of evidence in favor of the proposition just stated. Counsel for appellant have separated the act of annexation into

1. PROPERTY: real or personal: machinery for mill: order of liens.

five parts, and insist—*First*, that the machinery was purchased to be annexed; *second*, it was the intention to annex it; *third*, it was shipped and delivered on the ground for that purpose; *fourth*, commencement of the work on its actual annexation; *fifth*, actually connecting or putting it together. The first three propositions will be conceded; but the last two, under the facts, we find cannot be regarded as having occurred when Miller's mortgage was executed. That work had been commenced for the purpose and with the intention of annexation will be conceded, but the machinery, all of it, at that time, as we find, was lying on the ground near the mill, or in it; but none of it, as we have said, was attached or put in place; and therefore, in accord with the rule established in *Sowden v. Craig*, 26 Iowa, 156, and *First Nat. Bank of Waterloo v. Elmore*, 52 Id., 541, the machinery and property described in the Miller mortgage must be regarded as personal property, and said mortgage is the prior lien thereon. The Fowler mortgage was executed about twenty days after the one given to Miller; and, while there had in the mean time been some work done in the direction of annexing such machinery to the real estate, we think that, under the cases above cited, and particularly the first one, such machinery cannot be regarded as real estate, and therefore the judgment of the district court in giving Fowler the second lien thereon is correct.

Incidentally, counsel for the appellant Kinnersly insist that the court erred in directing the taxation of costs; but we think otherwise.                                    AFFIRMED.