ISSACHER WEYMOUTH, and others, *vs.* COUNTY COMMISSIONERS.

York.    Opinion April 10, 1894.

*Way.    Petition.    Notice.    View.    Hearing.    Adjournment.    R. S , c. 18, § 26.*

A petition to county commissioners to lay out a way need not aver the fact
that such way will cross a railroad track, although the railroad company
must receive the statute notice of the pendency of such petition.

It will not be fatal to the proceedings if notice to the railroad company is not
given before a view has been commenced, provided a full view and hearing
be had after such notice by the commissioners.

County commissioners may adjourn their proceedings from time to time and
from place to place, although the day adjourned to may be a regular term day
of their court, and all parties originally notified must take notice of such
adjournments.

ON REPORT.

The case appears in the opinion.

*Fairfield and Moore,* for plaintiffs.
*Hamilton and Cleaves,* for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL,
WHITEHOUSE, JJ.

PETERS, C. J.    Certain persons petitioned the county com-
missioners of York county for an alteration and extension of a
way in the town of Old Orchard.    The petition does not disclose
the fact that the way as prayed for would cross any railroad,
while as laid out by the commissioners it runs across the tracks
of the Boston & Maine and Old Orchard railroads.    In addition
to the usual notices by posting and publication, notice on the
petition was ordered by the commissioners to be served upon the
station agent of the Boston & Maine company at Old Orchard
according to the requirement of the statute to that effect.    R.
S., c. 18, § 26.

On June 23rd, 1891, the day designated in the notices for
all parties interested to meet on the premises and take a view
of the contemplated way, it was readily seen by those present
at the place appointed for the meeting that the way, if extended

as designed by the petitioners must cross the track of the Old Orchard Railroad Company, on which company no notice had been ordered or served. Thereupon the commissioners ordered an adjournment of the hearing to their regular term of court to be held at Biddeford on July 7, 1891, and all further proceedings were suspended until that time; the commissioners deeming it irregular to undertake to order further notice while they were in the open field and away from their records and clerk.

On July 7, 1891, notice was ordered on the Old Orchard Railroad Company to appear, at a place appointed for the purpose, on the 17th day of the same month, and participate in a view of the way and in the hearing to be had afterwards. Neither of the railroad companies has appeared in any state of the proceedings, and there are no indications in the case that they are really interested in the present controversy.

An appeal from the decision of the commissioners was taken to this court by the remonstrants, upon whose motion a committee was appointed, and an acceptance of their report, fully establishing the way as located by the commissioners, is now objected to for certain alleged illegalities in the original proceedings.

It is claimed that the petition to the commissioners is a nullity because it does not itself declare that the way will run across the two railroads. This objection is unfounded. There is no authority requiring any such particularity of description of a proposed way. The tenor of all our decisions touching the subject is the other way. Nor does the general or special statute affecting the proceeding require it. It is enough that the railroads do in fact get the requisite notice and that the records show it to be so.

It is claimed by the remonstrants that the county commissioners had no power to make the adjournments that were ordered by them, and that, if they had such power, the remonstrants were not required to take notice of such adjournments without official information thereof, and furthermore that no adjournment could be made of the business to any regular term of county commissioners' court. We do not think that either of these

propositions should be sustained. There is no good reason why commissioners should not be allowed to adjourn their work from time to time whenever necessity may require such a course, not contravening thereby any positive statute requirement. Nor can we appreciate the objection to a proceeding being heard on an adjournment to the day on which a regular term is held as well as on any other day. And, certainly, where parties are duly notified to appear in a county commissioners' court, such parties are bound to take notice of all adjournments regularly made by that court during the pendency of any business there in which they are interested. That is a principle applicable to the administration of business in all courts.

It is further contended that the Old Orchard Railroad Company should not have been notified to appear at a view to be taken of the way on July 17th, because that part of the work had been previously performed on the 23rd day of June. But the railroad corporations were entitled to an opportunity to participate in an examination of the proposed way, and could not be deprived of the privilege. It was proper that the work partially performed should be again wholly performed after all parties interested had been summoned in. It is not objectionable that there were two examinations instead of one.

Other criticisms are made by the remonstrants of the action of the commissioners, which are not regarded by us as well founded, and which need not be particularly discussed.

*Report accepted.*