# Naugher v. Sparks.

*Bill in Equity by Mortgagor to redeem Land Conveyed in a Mortgage.*

1. *Foreclosure of mortgage; recitals in auctioneer's deed; prima facie evidence of facts stated therein.*—Where a mortgage contains authority to sell lands conveyed therein on default of payment, and confers upon the mortgagee the right to purchase at such sale, and authorizes the auctioneer making the sale to convey the lands to him by proper deed, and acting under the authority conferred by the mort-

[Naugher v. Sparks.]

gage, the land is sold and the auctioneer making the sale executes a deed, purporting to act in conformity to the authority granted in such mortgage, and which recites that the sale was duly made after and in pursuance of due advertisement, at the time and place, and strictly in accordance with the terms of the mortgage, such deed of the auctioneer and the recitals thereof, are *prima facie* evidence of the facts stated therein as against the mortgagor and his privies.

2. *Same; sufficiency of evidence.*—Upon inquiry as to whether a mortgage had been properly foreclosed, in that the sale had been duly advertised and conducted, the deed of the auctioneer recited that all the requirements of the mortgage authorizing the sale had been strictly complied with as to advertisement, time and place of sale. The auctioneer and the mortgagee testified as to their presence on the ground at the time of the sale and the regularity thereof, and there was evidence that the mortgagor, after such sale leased the land from the purchaser and paid the rent to him. It was also shown that ten years had elapsed since the land was sold and the deed made. The mortgagor, his wife and her son, testified that no sale of the land was made and no terms of the sale announced. *Held:* There was shown to have been a valid foreclosure of the mortgage, and that the mortgagor, who had filed his bill to redeem, failed in his proof and was not entitled to redeem.

APPEAL from the Chancery Court of Fayette.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellee, Carroll Sparks, against the appellants, Joseph W. Naugher, and W. T. Naugher, on the 1st day of March, 1894; and prayed for the complainant to be let in to redeem a certain tract of 640 acres of land, upon which the complainant had, on August 10th, 1881, executed a mortgage to the appellant, J. W. Naugher, to secure a debt of $620.60.

The complainant, in his bill, alleges a full payment of the mortgage debt, and a large amount in excess thereof, by way of the rents, which had accrued and had been received by the respondents. In his bill, the complainant offers to do equity by the payment of any amount that may be ascertained to be due, in the event there had not already been a full payment of the mortgage debt. In their answer, the respondents denied the full payment of the mortgage debt; and set up a foreclosure of the mortgage, under the power therein contained, on April 28th, 1884, for a balance due at that time of $454.25 on said mortgage debt; and attached as an exhibit to their answer the deed executed by the auctioneer who

sold the land at said sale—the deed bearing date of May 3d, 1884. The other facts of the case are sufficiently stated in the opinion.

. Upon the final hearing of the cause, on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered a reference to the register to ascertain the amount that was due on said mortgage debt. The respondents appeal from this decree, and assign the same as error.

JONES & MAYFIELD, for appellant.—The recitals of the deed by the auctioneer were evidence against the complainant in this case as to the regularity of the foreclosure of the mortgage executed by him; and it was shown that he was not entitled to the relief prayed for.—*Tyler v. Herring*, 67 Miss. 169; *Loan Co. v. Deering*, 66 Cal. 281; *Beal v. Blair*, 33 Iowa 318.

APPLING, McGUIRE & COLLIER, *contra*.—The period of limitations for an action in chancery to be let in to redeem under the statutes of this State, and our decisions, is ten years, and that period of time, from the day of the attempted foreclosure, 28th of April, 1884, to time of filing bill, March 1, 1894, had not elapsed. And there is no plea of limitations.—*Sanders v. Askew*, 79 Ala. 435; *Waldrop v. Friedman*, 90 Ala. 157.

There was never a valid foreclosure of the mortgage executed to the complainant. The recitals in the deed executed by the auctioneer were not evidence against the complainant. The defendants in this case were required to show strict compliance with the power of sale contained in the mortgage.—*Wood v. Lake*, 62 Ala. 490. There was, therefore, no legal proof of the sale under the power in the mortgage.—*Sanders v. Askew*, 79 Ala. 435.

COLEMAN, J.—The mortgagor Sparks filed the present bill to redeem. Ten years is the limitation within which a mortgagor may be let in to redeem. The averments of the bill and the proof show that he had been out of possession nine years and ten months. The bar had not been perfected. The defense was that the mortgage was regularly foreclosed, a purchase at the foreclosure sale, and deed of conveyance and possession and title thereunder. Whether there was a foreclosure at all,

and if so, whether a valid foreclosure, are the controverted facts of the case. The chancellor granted relief to complainants, citing in his opinion only the case of *Wood v. Lake*, 62 Ala. 489.

The mortgage contains the following provisions: "And it is hereby agreed by and between the parties to this deed of mortgage that should said lands be sold as herein provided for, the said Joseph W. Naugher may bid at said sale, and if he should be the highest and best bidder therefor, that said lands may be knocked off to him, and the auctioneer making the sale shall convey the same to him by proper deed of conveyance." The deed of conveyance dated and duly acknowledged before the probate judge of Fayette county on the 3d of May, 1884, purports to be in execution of the authority conferred in the mortgage and recites that the sale was made "after advertising the time and place, and strictly in accordance with the terms of the mortgage," &c., and acting as "auctioneer under the appointment of the deed," &c. The question of primary importance is, what weight shall be given to the recitals of the deed that the provisions of the mortgage were complied with as to notice of time when, place where and terms of sale. The bill to redeem makes no reference to a foreclosure sale. The answer set up the foreclosure sale and deed, as matter of defense. The appellee contends, and we presume that was the conclusion of the learned chancellor that, under the influence of *Wood v. Lake*, these recitals are, as to the mortgagor, *res inter alios acta*, and must not be given any consideration. There are some expressions in the opinion, which seem to justify the contention. An examination of the case, however, will show that no importance was attached to these statements in reaching a decision. The question of law decided, upon which the case was determined was that a judgment recovered against a mortgagor after the execution of a mortgage, but before its registration, and which was not recorded within the time prescribed by the statute, was superior and prior to the mortgage debt. This was the ground upon which the court held that the title of Wood, who claimed through the execution sale upon the judgment, was superior to that of Lake, who claimed through the mortgage or deed of trust made by the judgment debtor before the recovery of the judgment, but which was not

recorded for many years after.   The decision construed
and applied sections 2166, 2167 of the Code  of 1876, a
construction which has been  adhered to  ever since.

The proposition in the opinion,  "that the  recitals in
a deed or mortgage do not and cannot estop strangers,"
and "are evidence only against parties and their privies,"
is unquestionably the law as a general rule.    In the case
before us, the mortgage itself provided  the  conditions
and terms of sale, and  authorized  the "auctioneer" to
convey the lands by proper deed to the purchaser.   The
grantor described himself in the conveyance as the "auc-
tioneer acting under the appointment in the mortgage;"
the deed purports to be in execution of the power grant-
ed.   We must presume the recitals are *prima facie* true
against the mortgagor, the grantor of the power and his
privies.    In the notes of the case of *Tyler v. Herring*, 19
Amer. St. Rep. 297, Mr. Freeman declares the true rule
to be, "that the recitals made by the trustee surely must
be taken as at least *prima facie* evidence of the existence
of the matters therein stated.".   This is the law  as held
in many well considered opinions.—*Graham v. Fitts*, 53
Miss. 307 ; *Tyler v. Herring*, 67 Miss. 169 ; *Savings & Loan
Society v. Deering*, 66 Cal. 281 ;  *Beal v. Blair*, 33 Iowa,
318 ; *Tartt v. Clayton*,  109 Ill.  579.   We think this the
true rule, and should prevail.   In the case of *Robinson v.
Calahan*, 91 Ala. 479, the same learned judge who deliv-
ered the opinion in *Wood v. Lake, supra*, notes the fact
that "the deed neither averred nor recited the fact" that
the sale was advertised or whether it was a public or pri-
vate sale.   We do not  think this  court has  ever held
differently in any case where the  merits of the  case de-
pended upon an adjudication of the question.

The recitals are only *prima facie* evidence of  the exist-
ence of the facts stated but are not conclusive.    That the
property was advertised for sale by posting is conclusive-
ly proven.  That the mortgagee and person who describes
himself as auctioneer were on the  premises at the ap-
pointed time, we think established by every witness ex-
amined ; that the deed was  executed and  properly ac-
knowledged is also  established, and  the  mortgagor or
his sons from that time to the filing of the bill have been
renting the land  from the  purchaser and  paying him
rent, is admitted.   Against all these facts, we  have the
testimony of the mortgagor, and  his wife  and her son,

that there was no public sale or crying of the land, and that there was no exhibition of the mortgage or public statement of the terms of the sale. Against this evidence stands the deed, the testimony of the mortgagee and auctioneer, the grantor of the deed, and immediate change of possession. More than ten years had elapsed from the day the parties met to make the sale and date of deed and the time when they gave their testimony. We are clearly satisfied from all the evidence, that there was a valid foreclosure of the mortgage, and that complainant has failed in his proof.

The decree of the chancery court will be reversed, and a decree here rendered dismissing complainant's bill.

Reversed and rendered.