# Foster, *et al. v.* Carlisle, *et al.*

## *Ejectment.*

(Decided Nov. 29th, 1906. 42 So. Rep. 441.)

*Ejectment; Evidence; Admissibility.*—In a court of law, the title to land conveyed by mortgage vests in the mortgagee, after the law day of the mortgage and default in payment, and thereafter the mortgagor has only an equity of redemption, and the endorsement of a credit on the martgage made after the law day does not pass to the martgagor any title recognized in a court of law; consequently an unpaid mortgage on ·which is endorsed, several years after the law day of the mortgage, a credit, is admissible in evidence as a link in the title of the holder of the mortgage.

APPEAL from Bullock Circiut Court.

Heard before HON. A. A. EVANS.

Ejectment by R. M. Foster, et al., against Carlisle, et al. The facts on which the opinion is rested sufficiently appear therein.

J. D. NORMAN and R. E. L. COPE, for appellant.—The grounds of objection to the mortgage being specified all other grounds were waived.—*A. G. S. R. R. Co. v. Bailey,* 112 Ala. 176; *McDaniel v. The State,* 97 Ala. 14. The court erred in refusing to admit the mortgage in evidence as it described the land sought to be recovered; the law day having passed without payment the mortgage was evidence of the legal title of the mortgagee.— *Welch v. Phillips,* 54 Ala. 309; *Childress v. Montieth,* 54 Ala. 317; *Draper v. Walker,* 98 Ala. 313; *Lomb v. Pioneer S. & L. Co.,* 106 Ala. 599; *Fields v. Clayton,* 117 Ala. 538; *High v. Hoffman,* 129 Ala. 359. Under the law a conveyance by the mortgagor of the mortgaged premises does not merge the mortgage.—*Fouche v. Swain,* 80 Ala. 152; *Threefoot Bros. v. Hilmer,* 130 Ala. 244. The mortgagor being in possession of the premises at the time of the sale to Burt the suit was

properly brought by the legal representatives of the mortgagee.—*Reeves v. Reeves,* 131 Ala. 195; *Pearson v. King,* 99 Ala. 127.

ERNEST L. BLUE, and D. S. BETHUNE, for appellee.— On the question of the merger of the mortgage title of Foster into the legal title acquired by his deed from Radford, the court is respectfully referred to: *Ehrman v. Ala. L. Co.,* 109 Ala. 478; Amer. & Eng. Enc. of Law, 1st Ed. Vol. 15, page 321; same work, Second Edition, Vol. 20, page 588. On the question of the invalidity of the deed from Radford to Foster, at a time when appellants were shown to be in adverse possession of the land sued for, see *Johnson v. Cook,* 73 Ala. 537; *Watson v. Mancill,* 76 Ala. 600; *Humes v. Bernstein,* 72 Ala. 546; 71 Ala. 260; 75 Ala. 241; 60 Ala. 522; *Vandiver v. Stickney,* 75 Ala. 228; *Chapman v. Holding,* 60 Ala. 582; *Barclay v. Smith,* 66 Ala. 230; *Yarbrough v. Avant,* 66 Ala. 526; *Sharp v. Roberson,* 76 Ala. 343; 4th Kent. 448.

McCLELLAN, J.—Statutory action in the nature of ejectment. Affirmative charge given for defendants. Plaintiffs appeal.

It seems to be conceded that the turning point on the trial was the exclusion of an unpaid mortgage, a link in plaintiffs' chain of title, on which was indorsed the following credit : "Rec'd on within note & mortgage $1,000.00 (one thousand dollars) September 19, 1898, for lot"—which date was several years after the law day of the mortgage, and after default in the payment thereof. Of even date with the credit quoted the mortgagor executed and delivered to the mortgagee a deed to the premises mentioned in the credit. It has been repeatedly adjudged by this court that a mortgage of land possesses a dual character, "bearing one in a court of law and another in a court of equity." It is also settled in this state that in a court of law, after the law day of the mortgage and default in the performance of the condition as stipulated in the instrument, the estate in fee in the realty, there being no contractual conditions inhibiting it, vests absolutely in the mortgagee, leaving

[Fowler, et al. v. Pritchard, et al.]

only the equity of redemption in the mortgagor.— *Welsh v. Phillips*, 54 Ala. 309, 25 Am. Rep. 679; *Childers v. Monctte*, 54 Ala. 317; *Draper v. Walker*, 98 Ala. 310, 13 South. 595; *Fields v. Clayton*, 117 Ala. 538, 23 South. 530, 67 Am. St. Rep. 189. Of this equity of redemption, in the law court, no notice can be taken. At law, whenever the legal and ·equitable titles or interests coincide in the same person, without an intermediate vested estate, the equitable becomes extinguished.— *Welsh v. Phillips, supra;* 20 Am. & Eng. Ency. Law (2d Ed.) p. 588. It results, in this case, that on September 19, 1898, only the equity of redemption resided in the mortgagor, the legal title having become absolute in the mortgage; and the conveyance of that date affected only to convey to the mortgagee this equity of redemption, and in him was absorbed by the legal title conveyed by the mortgage to him. There was no merger in the mortgagor, because no title recognizable in a law court passed to him by reason of the credit indorsed on the mortgage. It was not of sufficient formality to pass title. And partial payment of the mortgage debt did not operate to divest mortgagee's title.—*McKinnin v. Lesslcy*, 89 Ala. 625, 8 South. 9. The trial court, therefore, erred in the exclusion of the mortgage.

There is no merit in the other assignments of error. For the error stated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.