# Stodenmeyer *v.* Hart.

## *Ejectment.*

(Decided April 16, 1908.  46 South. 488.)

1. *Mortgages; Foreclosure; Conveyance of Title by.*—If the mortgage was valid it conveyed the legal title to the mortgagee so as to make out a prima facie case in ejectment by the mortgagee against the mortgagor authorizing a recovery, although it be conceded that the deed executed under the foreclosure proceedings by the mortgagee to himslf was invalid and insufficient under the powers in the mortgage to convey the title.

2. *Same; Mortgage by Wife; Non-Joinder of Husband; Evidence of Relationship.*—Where the validity of a mortgage, the basis of plaintiff's title, is assailed upon the ground that at the time of its execution the mortgagee was a married woman, and that the husband did not join therein, it was competent to introduce evidence tending to prove or disprove the fact of marriage at the time of the making of the mortgage.

3. *Marriage; Evidence.*—A letter written to and reecived by the wife from her alleged husband, addressed to her as his wife and signed by him as her husband, is admissible on the issue as to whether defendant was a married woman at the time of the execution of a certain mortgage made by her, although the latter antedated the execution of the mortgage for a considerable time.

4. *Trial; Evidence; Rebuttal.*—The defendant having testified that she gave in her property for assessment, but did not remember whether she listed it in the name of Stodenmeyer or Henry, Henry being her married name, it was competent, in rebuttal, to introduce the original assessment sheet showing that the property was listed in the name of Stodenmeyer.

5. *Witnesses; Impeachment; Cross Examination.*—Where one testified as to his marriage and co-habitation with defendant, it was competent, on cross examination, to inquire of him if he had not held himself out to others as an unmarried man, and, on proper predicate laid, to show any transactions in which he had held himself out as being unmarried.

6. *Estoppel in Pais; Legal Title to Land.*—The equitable doctrine of estoppel in pais has no application to the legal title to land in a court of law.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Sidney Hart against Amelia Stodenmyer for the recovery of land. Judgment for plaintiff and defendant appeals. Reversed and remanded.

JOHN W. & ROSCOE CHAMBLEE, for appellant. The court erred in overruling defendant's objection to the foreclosure deed. Powers of attorney are strictly construed.—*Deering v. Lightfoot,* 16 Ala. 28; *Cummins v. Beaumont,* 78 Ala. 204. The court erred in admitting the letter in evidence .—*Garrett. v. Garrett,* 64 Ala. 263; *Shrimpton v. Brice,* 102 Ala. 655; *Johnson v. Fuel Co.* 90 Ala. 505. The tax list was not properly admitted.— Authorities supra. The court erred in its oral charge.— 16 Cyc. 726; *Mary Lee C. & Ry. Co. v. Winn,* 97 Ala. 495. Ala. 229; 64 Ala. 388; 57 Ala. 183; 100 Ala. 459. The wife cannot alienate the separate estate unless the husband joins.—*Cheney v. Nathan,* 110 Ala. 254; 98 Ala. 315; 93 Ala. 165; 88 Ala. 318.

KERR & HALEY, for appellee. The foreclosure deed was properly admitted.—*Naugher v. Sparks,* 110 Ala. 572; *Williamson v. Mayer,* 117 Ala. 252; *Johnson v. Wood,* 125 Ala. 330. The court's oral charge is correct. —*Wilder v. Wilder,* 89 Ala. 414; 3 Mayf. 1028.

DOWDELL, J.—This is a statutory action of ejectment. The plaintiff relied for title and right of recovery of the land sued for on a mortgage executed to the plaintiff by the defendant and a purported deed executed by the plaintiff to himself under foreclosure proceedings had under powers given in the mortgage. If it be conceded that the deed executed under the foreclosure proceedings was invalid and insufficient under the powers contained in the mortgage to convey title, yet, if the

mortgage was valid, it (the mortgage) conveyed the legal title into the plaintiff, and this was sufficient to make a prima facie case against defendant, and to authorize a recovery. This being so, the admission in evidence against the objection of the defendant of what purported to be a deed under foreclosure proceedings was error without injury.

As a defense the defendant set up that she was a married woman at the date of the execution of the mortgtge by her, and that her husband did not give his assent in writing to its execution as required by the statute, and for that reason the mortgage was void. This is the main issue in the case, and evidence tending to prove or disprove the fact of the defendant's marriage at the time of the making of the mortgage was relevant. There was no evidence of a marriage under a license issued for that purpose, but the defendant sought to prove marriage by long and continuous cohabitation with one Jerry Henry; they recognizing each other as husband and wife and so holding themselves out to the public. A letter written to the defendant in 1895, long prior to the date of the mortgage, by the said Jerry Henry, and addressed to her as his wife, and signed by him as her husband, and received by the defendant, was, as a circumstance tending to support the theory of marriage, relevant and competent to go to the jury.

The defendant as a witness in her own behalf having testified that she gave in her property to the tax assessor for assessment for taxes, but that she did not remember whether she gave it in in the name of Amelia Henry, or Amelia Stodenmeyer, the name she bore before she married Henry, it was competent in rebuttal for the plaintiff to introduce in evidence the original assessment sheet, shown to have been taken from the files in the assessor's office, purporting on its face to have been given by the defendant in the name of Amelia Stodenmeyer.

[Doe ex dem. Alabama State Land Co. v. McCullough, et al.]

The said Jerry Henry having testified in the case as a witness for the defendant to his marriage and cohabitation with the defendant, it was competent upon the cross-examination, as going to his impeachment, to ask him if he had not represented himself to others as being an unmarried man. So, too, it was competent, upon proper predicate laid, to show any transaction by him in which he held himself out as an unmarried man.

The equitable doctrine of estoppel in pais has no application to the legal title to land in a court of law. Mayfield's Dig. vol. 3, p. 411, § 27, and page 419, § 210. That part of the oral charge of the court to the jury asserting a contrary principle was erroneous.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.