(102 So. 605)
**CRABTREE et al. v. PRICE et al.**
(7 Div. 350.)

(Supreme Court of Alabama. Dec. 18, 1924. Rehearing Denied Jan. 22, 1925.)

1. **Appeal and error** ⬅1057(3)—**Evidence** ⬅383(3)—**Recitals in foreclosure deed of compliance with terms of power of sale held prima facie evidence of valid foreclosure.**

Recitals in foreclosure deed of full compliance with terms of power of sale *held* prima facie evidence of valid foreclosure of mortgage through which defendants claimed title, hence, where plaintiffs offered no evidence to overcome the prima facie case, any adverse rulings on parol testimony offered by defendants to prove the same facts were harmless.

2. **Mortgages** ⬅369(7)—**Parol testimony admissible to prove posting of notices as required by power of sale in mortgage.**

Parol testimony is admissible to prove posting of notices as required by power of sale in mortgage.

3. **Mortgages** ⬅137, 191—**Mortgage passes title to mortgagee, with right of possession, with or without foreclosure, after law day.**

Mortgage of realty passes title to mortgagee, with right of possession, with or without foreclosure, after the law day.

4. **Ejectment** ⬅23—**Persons deriving possession from mortgagee, after law day, can defend ejectment on mortgagee's title.**

Persons deriving possession from mortgagee, after law day, can defend ejectment on mortgagee's title.

**5. Mortgages ⬅➡372(5) — Purchaser holding under foreclosure deed not trespasser, nor is one holding under him.**

A person holding under a foreclosure deed, made pursuant to a sale under a valid mortgage, if no more than color of title, is not a trespasser, nor is one holding under him.

**6. Ejectment ⬅➡9(3) — Mortgagor and those claiming under him must recover on strength of their title.**

Mortgagor and those claiming under him must recover on strength of their title.

**7. Ejectment ⬅➡9(3) — What mortgagor or those claiming under him must show to recover property stated.**

Mortgagor and those claiming under him, in order to recover the property, must show that no title passed under the mortgage, or that, if it did, it was thereafter divested out of the mortgagee or his privies.

**8. Mortgages ⬅➡298(4)—Payment of loan debt before foreclosure divests title of mortgagee.**

Payment of loan debt before foreclosure divests title of mortgagee.

**9. Appeal and error ⬅➡1056(1)—Exclusion of receipts showing payments on mortgage debt held harmless error, in absence of showing of payment of mortgage debt in full.**

In action in ejectment, where defendants claimed under a foreclosure deed, exclusion of receipts showing payments on mortgaged debt *held* harmless error, where all the payments claimed did not equal the mortgage debt; part payment of the mortgage debt not sufficing to divest title of the mortgagee.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Action in ejectment by W. S. Crabtree and others against Hugh Price and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Jas. W. Strother, of Dadeville, for appellants.

It is essential to validity of a sale under power in a mortgage that compliance be had with its provisions as to giving notice of sale. 27 Cyc. 1466; Woods v. Lake, 62 Ala. 489; Sanders v. Askew, 79 Ala. 433; Elrod v. Smith, 130 Ala. 212, 30 So. 420.

Riddle & Riddle, of Talladega, and L. H. Ellis, of Columbiana, for appellees.

Where the giving of the affirmative charge was warranted, all other errors are harmless. Teague v. Ala. Coca-Cola Bot. Co., 209 Ala. 205, 95 So. 883.

BOULDIN, J. This is a statutory suit in ejectment. Plaintiffs claim title as heirs at law of Thomas Crabtree, deceased; the defendants, through mortgage from Thomas Crabtree and wife to Merritt Street, foreclosure deed from C. W. Ashcraft, administrator de bonis non of the estate of Merritt Street, to A. P. Mitchell, deed from A. P. Mitchell to J. C. Street, and executory contract of sale from J. C. Street to these defendants in possession. The court below gave the affirmative charge for defendants. The correctness of this ruling is the controlling point in the case. The validity of the mortgage is unquestioned.

[1] Appellants' chief reliance is an insufficiency of the proof of the notice of sale on foreclosure. The foreclosure deed made in 1901 recited full compliance with the terms of the power of sale. These recitals are prima facie evidence of a valid foreclosure. Harton v. Little, 176 Ala. 267, 57 So. 851; Naugher v. Sparks, 110 Ala. 572, 18 So. 45; Ward v. Ward, 108 Ala. 278, 19 So. 354.

[2] The plaintiffs having offered no evidence to overcome this prima facie case, any adverse rulings on parol testimony offered by defendants to prove the same facts were harmless. Parol testimony, however, is competent to prove the posting of notices as required by the mortgage. Naugher v. Sparks, supra.

[3-7] Moreover, the defense here did not depend upon proof of the regularity or validity of the foreclosure. A mortgage of realty passes the legal title to the mortgagee, with right of possession, with or without foreclosure, after the law day. Those deriving possession through him can defend ejectment on his title. It is undisputed that these defendants so hold. A purchaser holding under a foreclosure deed made pursuant to a sale under a valid mortgage, if no more than color of title, is not a trespasser. Neither is one holding under such purchaser. The mortgagor, and those claiming under him, must recover on the strength of their title. They must show no title passed under the mortgage or that it has been thereafter divested out of the mortgagee or his privies. Snedecor v. Freeman, 71 Ala. 140; Dodge v. Irvington Land Co., 158 Ala. 91, 48 So. 383, 22 L. R. A. (N. S.) 1100.

[8, 9] Payment of the mortgage debt before foreclosure divests the title of the mortgagee. The receipts offered and excluded on objection of defendants did not purport to be on this mortgage debt. If any of them were admissible, their refusal was harmless in the absence of some evidence to show payment of the mortgage debt in full. Part payment would not suffice. All the payments claimed did not equal the mortgage debt.

The affirmative charge for defendants was properly given.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes