147 So. 881 ·

### MALLORY et al. v. AGEE.
### 7 Div. 126.

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Nov. 10, 1932.

Further Rehearing Denied May 18, 1933.

Merrill, Jones, Whiteside & Allen and Hugh Walker, all of Anniston, for appellants.

Bibb, Field & Woolf, of Anniston, for appellee.

FOSTER, J.

Reference has frequently been made to a conflict in the authorities as to whether an improvement, which can be removed without impairing the value of the realty as it existed at the time of the execution of a mortgage on it, may, by contract between the mortgagor and another, without the consent of the mortgagee, by which the right to its removal is attempted to be reserved in such other, be so effectually reserved as to free it from the mortgage pursuant to the terms of such contract. This conflict of authority is pointed out in Fuller-Warren Co. v. Harter, 110 Wis. 80, 85 N. W. 698, 53 L. R. A. 603, 84 Am. St. Rep. 867, in which those holding that the improvement becomes subject to the mortgage notwithstanding the agreement are said to follow the Massachusetts cases first so declaring, and that it is sometimes called the Massachusetts rule. Miller v. Walson, 71 Iowa, 610, 33 N. W. 128; Clary v. Owen, 15 Gray (Mass.) 522; Pierce v. George, 108 Mass. 78, 11 Am. Rep. 310; Smith Paper Co. v. Servin, 130 Mass. 511; Southbridge Sav. Bank v. Mason, 147 Mass. 500, 18 N. E. 406, 1 L. R. A. 350; Meagher v. Hayes, 152 Mass. 228, 25 N. E. 105, 23 Am. St. Rep. 819; Watertown Steam Engine Co. v. Davis, 5 Houst. (Del.) 192; Hawkins v. Hersey, 86 Me. 394, 30 A. 14; McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446. It also lists the following as holding to a contrary doctrine: Campbell v. Roddy, 44 N. J. Eq. 244, 14 A. 279, 6 Am. St. Rep. 889; Binkley v. Forkner, 117 Ind. 185, 19 N. E. 753, 3 L. R. A. 33; Hill v. Sewald, 53 Pa. 271, 91 Am. Dec. 209; Crippen v. Morrison, 13 Mich. 23; Belvin v. Paper Co., 123 N. C. 138, 31 S. E. 655; German Savings & Loan Society v. Weber, 16 Wash. 95, 47 P. 224, 38 L. R. A. 267; Northwestern Mut. Life Ins. Co. v. George, 77 Minn. 319, 79 N. W. 1028, 1064.

Wisconsin has followed the Massachusetts rule, which is reaffirmed in later cases. Menard v. Courchaine (Mass.) 179 N. E. 167; Bankers' & Merchants' Credit Co. v. Harlem

Park B. & L. Ass'n, 160 Md. 230, 153 A. 64; Planter's Bank v. Lummus Cotton Gin Co., 132 S. C. 16, 128 S. E. 876, 41 A. L. R. 592.

On the other hand the argument is that "the mortgagee is not misled by the annexations, and parts with nothing on the faith of them, and, therefore, does not stand as a bona fide purchaser. * * * The doctrine is highly equitable when, as here, the annexations can be removed, and leave the realty as good security as though they had not been made at all" (citing the case of Campbell v. Roddy, 44 N. J. Eq. 244, 14 A. 279, 6 Am. St. Rep. 889, which is often mentioned as the leading case adopting that view). Paine v. McDowell, 71 Vt. 28, 41 A. 1042, 1044; 26 C. J. 684.

In the case of Young v. Chandler, 102 Me. 251, 66 A. 539, the conflict is again noted with the cases cited as to each contention, showing that Maine follows the Massachusetts rule. Ekstrom v. Hall, 90 Me. 186, 38 A. 106.

Likewise in 41 A. L. R. 616, the notes give a full discussion of such conflict. They classify Alabama as one of the states which do not follow the Massachusetts rule, citing Broaddus v. Smith, 121 Ala. 335, 26 So. 34, 77 Am. St. Rep. 61, and Roberts v. Caple, 8 Ala. App. 444, 62 So. 343. To the same effect is Warren v. Liddell, 110 Ala. 232, 20 So. 89. Those cases take a firm stand on the subject and commit us definitely in the controversy. They cite cases in Alabama referring to the general proposition that by such agreement a fixture or a building may not become a part of the freehold. These cases are cited on the latter proposition in others of a later date. Middleton v. Ala. Power Co., 196 Ala. 1, 71 So. 461; Clements v. Morton, 200 Ala. 390, 76 So. 306; Barbour Plumbing, Heating & Electric Co. v. Ewing, 16 Ala. App. 280, 77 So. 430. We see no reason for departing from the position thus taken in our cases.

It matters not whether the status was created before or after default. While a mortgagor, after default, is said to be a tenant of the mortgagee by sufferance (Buchmann v. Callahan, 222 Ala. 240, 131 So. 799), such status relates to his possessory right and not to the character of his property right. After, as before, default, before foreclosure, the mortgagor has an equity of redemption, which is a property right, and, in all controversies, except with the mortgagee, it is treated at law as the legal title, and sufficient to sustain any action which requires the legal title. Turner Coal Co. v. Glover, 101 Ala. 289, 13 So. 478; Allen v. Kellam, 69 Ala. 443; Marks v. Robinson, 82 Ala. 69, 2 So. 292; Cotton v. Carlisle, 85 Ala. 175, 4 So. 670, 7 Am. St. Rep. 29; Zimmern v. People's Bank of Mobile, 203 Ala. 21, 81 So. 811.

It is true that some of the cases express it by saying that after default nothing remains in the mortgagor but the equity of redemption. But it is only in controversies between the mortgagor and mortgagee that courts of law do not treat such so called "equity" as the legal title.' Toomer v. Randolph, 60 Ala. 356; Lomb v. Pioneer Savings & Loan Co., 106 Ala. 591, 17 So. 670; Foster v. Carlisle, 148 Ala. 259, 42 So. 441; Harmon v. Dothan Nat. Bank, 186 Ala. 360, 64 So. 621.

There is no reason why a second mortgagee may not be an innocent purchaser and protected as such. As to all the world except the first mortgagee, the legal title is thereby conveyed. He is treated as a purchaser of the legal title. Though appellee, as such second mortgagee, could have been thus protected, the protection of course does not extend to occurrences happening subsequent to the execution of his mortgage. Therefore, as mortgagee, he had no protection against the rights acquired by contract between the mortgagor and another made after the execution of the mortgage, by which the house did not become realty, assuming that there was such a contract. Such alleged agreement related to the building of a small outhouse on the mortgaged premises by the son-in-law of the mortgagor. It could have been removed without impairing the substantial value of the property as it was when mortgaged; and was made, if at all, after default and before foreclosure. But appellee claims, and the court seems to have agreed, that a mortgagee, by becoming the purchaser at the foreclosure sale, acquires the status of a bona fide purchaser, though he was not such as mortgagee. He then had the legal title. The only change between the parties as to their respective property rights which results from such a foreclosure is to destroy the equity of redemption, and bring into being a bare statutory right. This court has conceded that thereby he did not acquire any different status as a bona fide purchaser from that which he had as a mortgagee, but enjoyed the same protection. Hanchey v. Hurley, 129 Ala. 307, 30 So. 742; Sheridan v. Schimpf, 120 Ala. 475, 24 So. 940; Cahalan v. Monroe, 56 Ala. 303.

Such is said generally to be the rule when the mortgagee or trustee becomes the purchaser at his own sale. 41 Corpus Juris 1009 (notes 78, 79).

There may be a different rule when a third person buys at such sale under a power in the mortgage and pays cash. He thereby acquires a legal title for value. If he has no notice of infirmities in the title before he buys and pays for the property, his protection may be complete, except, of course, against the statutory right to redeem. 41 Corpus Juris 1008; Hoots v. Williams, 116 Ala. 372, 22 So. 497; Goulding Fertilizer Co. v. Blanchard, 178 Ala. 298, 305, 306, 59 So. 485.

In this case while the mortgagee was a trustee, and he bought apparently as an individual, such sale was made by himself as

trustee. This cannot work the status of a bona fide purchaser.

We think the court erred in giving the plaintiff the affirmative charge.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, J.

We merely incidentally as a premise refer to the principle established in Alabama that a mortgage on real estate passes to the mortgagee, a fee-simple title, unless otherwise expressly limited. Toomer v. Randolph, 60 Ala. 356; Crabtree v. Price, 212 Ala. 387, 102 So. 605; Cowart v. Aaron, 220 Ala. 35, 123 So. 229.

The mortgagor, before or after default, except by agreement, does not possess even the right of possession, as against the mortgagee. But, as to him, his right is the equity of redemption, which is a property right, but not the legal title. Zimmern v. People's Bank, 203 Ala. 21, 81 So. 811.

So that when the mortgage is foreclosed and the mortgagee becomes the purchaser, he does not by such purchase acquire a legal title. In so far as their respective property rights are concerned, such foreclosure merely destroys the equity of redemption, which is a substantial interest in the property created through equitable principles, and thereafter there remains only a statutory right in those persons for whom it is created by law. Powers v. Andrews, 84 Ala. 289, 4 So. 263. When the mortgagee buys at his own sale, a foreclosure deed is not necessary, nor other written instrument by which the title passes. Jackson v. Tribble, 156 Ala. 480 (15), 489, 47 So. 310; Stodenmeyer v. Hart, 155 Ala. 243, 46 So. 488; 3 Jones on Mortgages, § 2434 (1892), 2435 (1893); Hambrick v. N. E. M. S. Co., 100 Ala. 551, 13 So. 778; Woodruff v. Adair, 131 Ala. 530, 32 So. 515; Wildman v. Means, 208 Ala. 487, 94 So. 823; Williams v. Oates, 212 Ala. 396, 102 So. 712. Its effect is controlled by the fact of foreclosure, and a certificate by the auctioneer is held in those cases to be sufficient evidence of such foreclosure.

In order that a purchaser of land shall be protected against equities of third persons, he must have acquired at the time of such purchase the legal title by warranty deed. Smith v. Owenton-Ensley Highlands Land Co., 219 Ala. 422, 122 So. 663; Shorter v. Frazer, 64 Ala. 74, 81; Warren v. Liddell, supra, page 247 of 110 Ala., 20 So. 89; Wood v. Holly, 100 Ala. 326, 351, 352, 13 So. 948, 46 Am. St. Rep. 56; Marsh v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323; Gordon

v. Ward, 221 Ala. 173, 128 So. 217; McCollum v. Burton, 220 Ala. 629, 127 So. 224; Marsh v. Marsh, 215 Ala. 571, 112 So. 189. "As a mere equity, that he acquires must be subordinate to older equities, but annexed to it is the legal estate * * * which gives him precedence." Shorter v. Frazer, supra.

It is clear that a mortgagee of land, when the mortgagor owns and thereby conveys a legal title, with covenants of warranty, becomes a bona fide purchaser if he has no notice of the equity claimed.

But when that same mortgage is foreclosed and he becomes the purchaser, by such foreclosure sale, he does not acquire a legal title, not already possessed by him, and there is lacking such element of his claim in order that he be protected by the foreclosure, when he is not protected by the mortgage.

It was held on the first appeal in the Marsh Case, supra, that, when at the foreclosure sale a third person is the purchaser in a foreclosure deed without warranty, not only such purchaser cannot be thus protected, but those to whom he conveyed by warranty deed are equally without such right. On a second appeal (see Marsh v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323), it was shown that the rule only excluded the purchaser in the quitclaim deed, but not his grantees by warranty.

But when the mortgagee buys at his own sale, he cannot improve his status by including a warranty in the deed he makes or causes to be made to himself. It is true that the warranty in the mortgage operates in his favor, but such warranty dates from the execution of the mortgage, but not from the foreclosure. Coles v. Allen, 64 Ala. 98.

So that conceding that as the foreclosure satisfied the mortgage debt bid at the sale, and such satisfaction constitutes a new consideration, the mortgagee foreclosure purchaser is still outside the rule of protection due to an innocent purchaser as to equities accruing after the execution of the mortgage, but superior to it, because he did not at such sale acquire the legal title by warranty deed.

Reverting to the case of Hanchey v. Hurley, supra, it is apparent that the writer (Justice Tyson) was of the opinion that such mortgagee foreclosure purchaser was entitled to such protection. The question was on the sufficiency of a bill in equity by the claimant of a superior equity accruing after the execution of the mortgage, and before foreclosure. It is not at all indicated that the other members of the court agreed with his views, but were of the opinion that the burden was upon the purchaser to invoke such right by affirmative assertion of claim to it, and not on complainant to overcome it. But it is also said that the majority hold that, if complainant proves his claim as averred, he

is entitled to relief. No one of the majority undertakes to write their views. The last statement may, or may not, have been based solely on the fact that the claim was defensive, so thoroughly refuted by Justice Tyson in such a proceeding as has by this court since been held. Bank of Luverne v. Birmingham F. Co., 143 Ala. 153, 39 So. 126; Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A. L. R. 110.

But the expression of the court may have been due in part also to a disagreement with him as to the rights of a mortgagee foreclosure purchaser. His views are stated as though they were his only, for he uses the first person. There is certainly no indication of an express concurrence in them by the members of the court. We do not think that this court has ever so expressed an opinion. But we think the contrary is sound and results from a statement of the elements composing the claim as this court has defined them. A claim of the exact sort as this is evidently so rare, no authority directly in point seems to be available. It is not our idea that the case of Hanchey v. Hurley, supra, supports either view, and we did not so aver.

Other questions affecting the relation of a bona fide purchaser need not be discussed. Warren v. Liddell, supra; Adams Machine Co. v. I. B. & L. Ass'n, 119 Ala. 97, 24 So. 857.

Our opinion still is that appellee is not protected as an innocent purchaser as a matter of law.

Application for rehearing overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.